ANTOINETTE J. MITCHELL, ADMINISTRATRIX, C. T. A., OF THE ESTATE OF JOHN M. MITCHELL, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38023.  Promulgated April 29, 1931.

*Thomas F. Garrahan, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

OPINION.

MURDOCK: On or about March 11, 1924, John M. Mitchell, also known as John M. Kronis, giving his address at 2230 Shady Avenue, Pittsburgh, Pa., filed his income tax return for the year 1923 with the Collector of Internal Revenue at Pittsburgh. On March 12, 1925, John M. Mitchell died testate, leaving a widow and two children. On March 17, 1925, letters of administration c. t. a. on his estate were duly granted to the petitioner, Antoinette J. Mitchell, by the Register for the Probate of Wills and Granting of Letters of Administration in and for Allegheny County, Pennsylvania.

On May 15, 1925, the petitioner, describing herself as administratrix c. t. a. of the decedent's estate, and giving her address as 2230 Shady Avenue, Pittsburgh, filed an individual income tax return for the decedent for the calendar year 1924.

On April 26, 1926, the first and final account of Antoinette J. Mitchell as administratrix c. t. a. of the estate of John M. Mitchell was filed with the Orphans' Court of Allegheny County. On July

20, 1926, the estate of the decedent was distributed in accordance with a decree of that court, in which decree the United States Government was mentioned as a distributee for a tax claim in the amount of $23.90.

On March 3, 1928, the Commissioner sent a deficiency notice by registered mail to " Harry W. McIntosh, Administrator, for John M. Kronis, deceased, Standard Life Building, Pittsburgh, Pennsylvania." The notice stated in part that " in accordance with Section 274 of the Revenue Act of 1926 you are advised that the determination of your tax liability for the years 1923 and 1924 discloses a deficiency of $10,606.21 for the year 1923 and an overassessment of $74.77 for the year 1924." Counsel for the respondent admits that this is the only notice of deficiency which has been sent in connection with this case.

On or about April 27, 1928, McIntosh, who had been attorney for the estate of the decedent, communicated with the petitioner, advising her of the notice of deficiency. On April 30, 1928, a petition was filed with the Board under the caption, "Antoinette J. Mitchell, Administratrix, c. t. a. of the Estate of John M. Mitchell, deceased." The petition contains various allegations of error on the part of the Commissioner, by which the deficiency of $10,606.21 for the year 1923 is disputed. The petition is signed by Antoinette J. Mitchell as administratrix c. t. a. of the estate of John M. Mitchell, and by H. W. McIntosh and Thos. F. Garrahan, who are described as " counsel for petitioner, 1204 Standard Life Building, Pittsburgh. Pennsylvania."

Harry W. McIntosh was never administrator of the estate of John M. Mitchell, alias John M. Kronis.

The petitioner contends that the deficiency notice of March 3, 1928, was not sent to the proper person or proper address; it was not a valid notice to the estate of the decedent from which an appeal might be taken to this Board; and the statute of limitations now bars assessment and collection of the deficiency. The respondent contends that the estate of John M. Mitchell or John M. Kronis is the taxpayer; the deficiency notice was sent to it; it filed the petition; therefore, the Board has jurisdiction, and the deficiency should be approved for lack of evidence showing it to be incorrect.

Section 274 (a) of the Revenue Act of 1926 provides in part:

If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals * * *.

Section 281 (a) of the same act provides in part that "upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer."

In *Utah Orpheum Co.*, 6 B. T. A. 343, it was held that section 274 (a) required a registered mailing, including the following three elements: (1) the matter sought to be mailed be duly deposited with the postal authorities; (2) it bear proper postage or be free of postage; and (3) it be properly addressed to the person for whom it is intended. See also *Henry Wilson*, 16 B. T. A. 1280, and cases there cited. Moreover, we have held that the method of notification required by the statute, namely, registered mail, is exclusive. Actual notice or knowledge obtained in some other manner is not sufficient to satisfy section 274 (a) as to the jurisdiction of this Board. *Henry M. Day*, 12 B. T. A. 161; *Henry Wilson*, *supra*. In *Martha M. Hanify et al.*, 21 B. T. A. 379, the Board held that it had no jurisdiction where a deficiency notice was mailed to John L. Reed as administrator of an estate, and the petition was filed, signed by three persons who were beneficiaries and distributees of the estate and by John L. Reed, the latter not signing in his capacity as administrator.

In the instant case the decedent's return of income for the year 1923 was filed by him, and his address given as 2230 Shady Avenue, Pittsburgh. The return of his income for the year 1924 was filed by the petitioner as administratrix c. t. a. of his estate, giving the same address. Both returns were filed prior to the date of the deficiency notice. The Commissioner, however, sent the notice to a person whom he described as administrator, but who was not, and never had been administrator of the decedent's estate. Neither the estate of the decedent nor its administratrix was notified of the proposed deficiency in the manner required by the statute by the sending of the notice to McIntosh, or to the estate in care of McIntosh at his address. Under the authorities already cited, it is unimportant that the petitioner obtained actual knowledge of the deficiency within time to file a petition with the Board.

The Board has no jurisdiction of this proceeding, and can pass upon no further contentions of either party.

*An order of dismissal will be entered.*