JOHN A. GEBELEIN, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90943. Promulgated March 31, 1938.

*James A. Montgomery, Jr., Esq., J. Willison Smith, Jr., Esq.,* and *John H. Richardson, Esq.,* for the petitioner.

*Benjamin H. Neblett, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The respondent moves to dismiss for want of jurisdiction. He contends that (1) no deficiency has been determined, (2) that no notice of deficiency has been sent to the petitioner, and (3) that the paper attached to the petition may not be regarded as a statutory notice of deficiency because it was not sent by registered mail.

The taxes which the petition attempts to litigate are the unjust enrichment taxes imposed by Title III, Revenue Act of 1936, and there is no suggestion by either side that such taxes are not justiciable by the Board, section 503, Revenue Act of 1936.

The taxpayer filed a return setting up the factors of computation which it believed approximated those prescribed by the statute, and upon its return the computation was shown to result mathematically in a tax figure of $20,130.86. Appended to the return and filed as part of it was a rider in which the taxpayer unmistakably asserted that notwithstanding the mathematical tax figure no tax was due because the statute was unconstitutional. Essentially, therefore, the petitioner was filing a return which embodied a clear statement that no tax was legally due. If the freedom from liability were alleged to be attributable to a statutory provision legislatively granting exemption to a described class, such as personal service corporations, or building and loan corporations, it would be clear that a determination had been made which upon proper notice would be the foundation of a proceeding within the Board's jurisdiction, *Continental Accounting & Audit Co.,* 2 B. T. A. 761, and *Fred Taylor,* 36 B. T. A. 427. See also I. T. 2400, VII-1 C. B. 138. But the claim here is not for statutory exemption, but for constitutional immunity, and, since for another reason the notice was ineffective to support a petition, consideration must be reserved as to whether the question is the same. *Arguendo,* it may be assumed that it was, and that the "amount shown as the tax by the taxpayer upon his return", as the factor of equation is called in section 271, is zero.

Upon the filing of such return, the collector sent to the taxpayer by mail, although not registered, a notice of assessment and demand for payment of $20,130.86. At the argument, respondent's counsel left it in some doubt as to whether his contention that the collector's notice was not a statutory notice of deficiency is because the collector lacked authority to send such a notice. There is nothing in the face of the papers to indicate that the assessment was a jeopardy assessment, and neither side suggests that it should be so treated. Yet belief of jeopardy is the only circumstance which would support an assessment before a notice of deficiency is mailed. So if this were not a notice of jeopardy assessment or a notice of deficiency, it would be wholly without force and the taxpayer would probably be entitled to resist the collector's demand by an injunction, despite R. S. 3224. See section 272 (a); *Capital Building & Loan Association* v. *Burnet*, 63 Fed. (2d) 462; *Ventura Consolidated Oil Fields* v. *Rogan*, 86 Fed. (2d) 149; *Heinemann Chemical Co.* v. *Heiner*, 92 Fed. (2d) 344.

Treating the notice as otherwise valid and authorized, the question remains whether it is ineffective to afford the right to institute a proceeding before the Board because it was not sent by registered mail. The notice need not be in any special form or advise the taxpayer of his right to file a petition with the Board, *Ventura Consolidated Oil Fields* v. *Rogan, supra; Commissioner* v. *Oswego Falls Corporation*, 71 Fed. (2d) 673. But it must be sent by registered mail, *Henry Wilson*, 16 B. T. A. 1280; *American Felt Co.*, 18 B. T. A. 509; *John M. Mitchell Estate*, 22 B. T. A. 1365; *William M. Greve*, 37 B. T. A. 450. The statute says that if the Commissioner determines a deficiency he is authorized to notify the taxpayer thereof by registered mail. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." *Botany Worsted Mills* v. *United States*, 278 U. S. 282. See *Henry M. Day*, 12 B. T. A. 161. Since the notice attached to the petition was not sent by registered mail, it may not be regarded as an authorized notice of deficiency, *Heinemann Chemical Co.* v. *Heiner, supra.* The petition is therefore prematurely filed and, for want of jurisdiction, the proceeding must be                                                    *Dismissed.*

Reviewed by the Board.

HILL concurs only in the result.