Harold F. Pitcairn and Mildred G. Pitcairn et al. [1] v. Commissioner. Pitcairn v. Commissioner
Docket Nos. 110786 to 110789, 111325 to 111330.
United States Tax Court
1944 Tax Ct. Memo LEXIS 239; 3 T.C.M. (CCH) 584; T.C.M. (RIA) 44185; May 22, 1944
*239 Thorpe Nesbit, Esq., 1240 Land Title Bldg., Philadelphia, Pa., for the petitioners. Myron S. Winer, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: The Commissioner determined that the individuals named in the several notices hereinafter referred to were liable - some of them as trustees and others individually - as transferees, for gift tax of the named donors for the calendar year 1937. The ten cases were consolidated into four groups and stipulations of fact have been filed. The facts are found to be as stipulated. The following schedule indicates the grouping, the donors, the amount of tax and the capacity in which the respondent is proceeding against the named transferee: Amount
Capacity of
Docket No.
Name of Petitioner
of Tax
Alleged Transferee
GROUP I - RAYMOND PITCAIRN, DONOR.
110786
Harold F. Pitcairn and Mildred G. Pitcairn
$4,338.61
Trustees
111330
Michael Pitcairn
4,338.61
Beneficiary of trust
GROUP II - HAROLD F. PITCAIRN, DONOR.
110787
Raymond Pitcairn
$8,700.00
Trustee
111326
Joel Pitcairn
8,700.00
Beneficiary of trust
111329
John P. Pitcairn, a minor by next friend
8,700.00
Beneficiary of trust
GROUP III - THEODORE PITCAIRN, DONOR.
110788
Raymond Pitcairn and Edward C. Bostock
$5,850.00
Trustees
111325
Mark Jeremy Pitcairn, a minor by next friend
5,850.00
Beneficiary of trust
111327
Feodor Urban Pitcairn, a minor by next friend
5,850.00
Beneficiary of trust
GROUP IV - RAYMOND PITCAIRN AND MILDRED G. PITCAIRN, DONORS.
110789
Harold F. Pitcairn
$ 979.12
Trustee
111328
Karen Pitcairn Cole
979.12
Beneficiary of trust
*240 The issues are - (1) Are proceedings against petitioners as transferees barred by the statute of limitations? (2) In computing gift tax due from donee-beneficiaries of trusts should value of gift be reduced by amount of unpaid gift tax? (3) Are notices of deficiencies defective? (4) Did settlement of proceedings in prior years before trial constitute an adjudication of issues sufficient to support plea of res judicata? Petitioners are residents of Pennsylvania and the returns hereinafter referred to were filed with the Collector of Internal Revenue for the First District at Philadelphia. Group I (Docket Nos. 110786 and 111330) Facts All of the gifts involved in this group were made by Raymond Pitcairn and were for the benefit of six of his children, all of whom were minors. The children were born on the dates shown: Michael
November 28, 1918
Bethel
January 26, 1921
Karen
May 2, 1917
Lachlan
September 1, 1922
Garthowen
April 19, 1924
Vera
August 17, 1931
The gifts were in trust, a separate trust having been established for each child, identical except as to date, corpus and name of beneficiary. Under each the income is to be accumulated during minority. *241 When the beneficiary reaches majority he is to receive the accumulation and thereafter to receive the income of the trust for life with remainders over. Three of the trusts were established on November 25, 1921. Mildred G. Pitcairn, the donor's wife, is the named trustee of each, the beneficiaries being Michael (who is also the petitioner under Docket No. 111,330) and Bethel and Karen. The corpus of each of the three trusts consisted of 1,000 shares of the capital stock of the Pittsburgh Plate Glass Company. On September 24, 1923, Raymond Pitcairn created another trust, naming his wife, Mildred G. Pitcairn, as sole trustee, the corpus of which consisted of 217 shares of the no par common stock of the Pitcairn Company. This trust was established for the benefit of Lachlan. Mildred G. Pitcairn has been the sole trustee under the four deeds of trust since they were created, holding and administering the property referred to therein. On December 31, 1924, Raymond Pitcairn created a trust for the benefit of Garthowen. On June 1, 1932, he executed a trust for the benefit of Vera. The corpus of the trust for Garthowen consisted of $3,800 cash and 217 shares of the common stock of the *242 Pitcairn Company. The corpus of the trust for Vera consisted of 466 shares of the common stock of the Pitcairn Company. In the two last mentioned trusts Harold F. Pitcairn is named as trustee and he has been the sole trustee, holding and administering the property transferred to him by the deeds of trust in accordance with the terms thereof, since the trusts were created. On February 1, 1937, the Commissioner sent a notice of deficiency to Raymond Pitcairn in which he determined that for the calendar year 1934 the amount of $42,600 claimed by him as properly allowable exclusions for the calendar year 1934 was not allowable. Raymond Pitcairn filed a petition for redetermination of the deficiency with this tribunal, the proceeding being docketed as No. 88833. "Thereafter, the respondent notified Raymond Pitcairn's counsel by letter dated September 17, 1937, that the disallowance of the exclusions had been improper and, through his counsel, entered into a stipulation with counsel for the said Raymond Pitcairn that there was no deficiency in Federal gift tax due from the said Raymond Pitcairn for the calendar year 1934." On March 10, 1938, decision was entered in accordance with the *243 aforesaid stipulation. On December 23, 1937, Raymond Pitcairn transferred to Harold F. Pitcairn, Trustee under the trusts for Garthowen and Vera, securities of the then value of $4,799.72 as additions to the corpus of each trust. On the same date he transferred to Mildred G. Pitcairn, as trustee of the trusts for the benefit of the other four children, securities of the then value of $4,799.72 or a total of $19,198.88. On March 15, 1938, Raymond Pitcairn filed a gift tax return for the calendar year 1937 and paid the tax shown to be due, $3,166.72. The return disclosed the gifts of the six trusts and a statutory exclusion of $5,000 with respect to each was claimed. On March 15, 1938, Harold F. Pitcairn and Mildred G. Pitcairn each filed donee or trustee information returns for the trusts of which they were trustee. No action was taken with respect to any gift tax deficiency for 1937 against the donor or any of the petitioners named in the two cases in this group prior to the expiration of the three year statutory period of limitations for assessment of gift taxes for the calendar year 1937 against the donor, Raymond Pitcairn. Raymond Pitcairn, at the time of making each of the gifts, *244 and at all times thereafter material to these proceedings, was solvent and financially able to pay any tax legally assessable against him with respect to any or all of the gifts. On January 28, 1942, a notice of deficiency (determination of transferee liability) was mailed by the Commissioner. Copy is attached to the petition in Docket No. 110786. It was addressed "Harold F. Pitcairn and Mildred G. Pitcairn, Trustees and Transferees, 1616 Walnut St., Philadelphia, Pa.", the salutation being "Sir and Madam" and the first paragraph reading as follows: "There is determined for assessment against you the amount of $4,338.61, plus interest as provided by law, constituting your liability as trustees and transferees of property of Raymond Pitcairn, 1616 Walnut Street, Philadelphia, Pa., for gift tax for the calendar year 1937, as shown in the statement attached." In the attached statement it is stated that "the deficiency results from the following adjustments." Then follows a schedule showing the property placed in trust for the benefit of each of the six children, listing them separately and valuing the property placed in trust for each of them at $4,799.72 or an aggregate of $28,798.32. *245 The total gifts shown by the return of the donor was increased from $36,100 to $64,898.32. Elsewhere in the statement it is said: "The records in this office indicate that on or about December 23, 1937, Raymond Pitcairn transferred property to you as gifts under trusts * * * for the benefit of certain persons named therein, and that the gift tax liability therefor has not been discharged. The above-mentioned amount ($4,338.61) shows your liability as trustees and transferees of the property received." Petition captioned "Harold F. Pitcairn and Mildred G. Pitcairn, as Alleged Trustees and Transferees, Petitioners" was filed April 27, 1942, and docketed as number 110786. Under date of March 5, 1942, the respondent sent by registered mail to Michael Pitcairn, Transferee, 1616 Walnut Ct., Philadelphia, Pa., a notice, stating that there had been determined for assessment against him the amount of $4,338.61 as transferee of property of Raymond Pitcairn. This statement, like that addressed to Harold F. Pitcairn and Mildred G. Pitcairn, contained a schedule showing the property placed in trust for the benefit of each of the six children and an increase in net gifts in the same amount. *246 Petition captioned "Michael Pitcairn, as Alleged Transferee, Petitioner" was filed June 2, 1942 and docketed as number 111330. The value of the interest of Michael Pitcairn in the property transferred by Raymond Pitcairn during the calendar year 1937 in trust for his benefit was $3,569.83, not taking into consideration any lien thereon for unpaid gift tax. Group II (Docket Nos. 110787, 111326, 111329) Facts All the gifts involved in this group were made by Harold F. Pitcairn and were for the benefit of eight of his children, all of whom were minors at the time the gifts were made. The gifts were in trust, a separate trust having been established for each child, identical, or substantially identical, except as to date, corpus and beneficiary. Under each the income is to be accumulated during minority. When the beneficiary reaches majority he is to receive the accumulation and thereafter to receive the income of the trust for life with remainders over. Seven of the trusts were established on November 5, 1935. The beneficiaries are Joel (petitioner in Docket No. 111326), John P. (petitioner under Docket No. 111329), Charis, Stephen, Judith, Robert and Bruce. The other trust *247 was established December 31, 1937, the named beneficiary being Edward, who was born November 3, 1937. The corpus of each of the seven trusts consisted of 50 shares of the common capital stock of the Pitcairn Co. The corpus of the trust for Edward was $5,000. Raymond Pitcairn was the trustee of each of the trusts. During the calendar year 1936 Harold F. Pitcairn, without consideration and as gifts, added the sum of $5,000 to each of the seven trusts. Since the trusts were created Raymond Pitcairn has been the sole trustee of each, holding the property and administering the trusts in accordance with the provisions of the trust instruments. $40,000 was transferred to him by the settlor on December 31, 1937, $5,000 being added to the corpus of each of the seven trusts and $5,000 constituting the corpus of the trust for Edward. On March 15, 1938, Harold F. Pitcairn filed his gift tax return for the calendar year 1937. No tax was shown to be due or paid. The return disclosed the gifts to the eight trusts and a statutory exclusion of $5,000 with respect to each was claimed. The return stated that the gifts were not of future interests in property. The respondent did not, at any time *248 prior to the expiration of the three year statutory period of limitations for assessment of gift tax for the calendar year 1937 against the donor, notify either him or the petitioners in this group, or any of them, of any deficiency in gift tax due from Harold F. Pitcairn for the calendar year 1937. Harold F. Pitcairn at the time of making each of the gifts and at all times thereafter material to these proceedings was solvent and financially able to pay any tax liability assessable against him with respect to any or all of the gifts. Subsequent to the filing of a protest dated February 17, 1938, by Harold F. Pitcairn, the respondent allowed exclusions of $35,000, claimed by him in his gift tax returns for the calendar years 1935 and 1936, and determined that there was no deficiency with respect to his gift tax liability for those years. No deficiency in gift tax for either of these years was assessed before the expiration of the periods of limitation provided by law for the assessment of a deficiency against Harold F. Pitcairn. On March 15, 1938, Raymond Pitcairn filed donee or trustee information returns for each of the trusts. No action was taken by the respondent with respect *249 to any gift tax deficiency for 1937 against the donor or any of the petitioners shown in this group prior to the expiration of the three year statutory period of limitations for assessment of gift tax for the calendar year 1937 against the donor. The value of the interest of petitioner Joel and the value of the interest of petitioner John in the property transferred by Harold F. Pitcairn during 1937 in trust for them was respectively $3,736.14 and $3,779.14, not taking into consideration any lien thereon for unpaid gift tax for the calendar year 1937. On January 28, 1942, a notice of deficiency (determination of transferee liability) was mailed by the Commissioner. Copy is attached to the petition in Docket No. 110787. It was addressed "Mr. Raymond Pitcairn, Trustee and Transferee, 1616 Walnut Street, Philadelphia, Pa." It stated that there was "determined for assessment against you the amount of $8,700.00 * * * constituting your liability as trustee and transferee of property of Harold F. Pitcairn, 1616 Walnut Street, Philadelphia, Pa., for gift tax for the calendar year 1937, as shown in the statement attached." The statement attached lists, in schedule A, the $5,000 gifts for *250 the benefit of the eight named children, and holds that the gifts were of future interests against which no exclusions are allowable since "it is provided in each of the trust indentures for the benefit of the donor's children that during the minority of the beneficiary the income shall be accumulated." Petition captioned "Raymond Pitcairn, as Alleged Trustee and Transferee" was filed April 27, 1942. On March 5, 1942, separate notices of transferee liability were mailed to Joel Pitcairn, Transferee, and John P. Pitcairn, Transferee, indicating a deficiency in gift tax of Harold F. Pitcairn for the calendar year 1937 in the amount of $8,700 but stating: "Inasmuch as the value of assets received by you amounted to $5,000.00, your liability as transferee is limited to that amount." Petitions were filed herein on June 2, 1942, and docketed as numbers 111326 and 111329, respectively. Group III (Docket Nos. 110788, 111325, 111327) Facts All the gifts involved in this group were made by Theodore Pitcairn and were for the benefit of six of his children, all of whom were minors. The gifts were in trust, a separate trust having been established for each child, identical except as to *251 date, corpus and beneficiary. Under each the income is to be accumulated during minority. When the beneficiary reaches majority he is to receive the accumulation and thereafter to receive the income of the trust for life with remainders over. Four of the trusts were established on June 18, 1934. The beneficiaries are Miriam, Eshowe, Laren, and Diene. The fifth trust was established July 3, 1935, for the benefit of Feodor (petitioner under Docket No. 111327), and the sixth trust was established on December 29, 1936, for the benefit of Mark (petitioner under Docket No. 111325). Raymond Pitcairn and Edward C. Bostock are joint trustees of each of the six trusts. On February 4, 1937, the settlor added the sum of $75,000 to the corpus of the trust established for the benefit of Mark. On December 29, 1937, he added the sum of $5,000 to each of the six trusts. Under date of October 14, 1936, respondent sent a notice of deficiency in gift taxes to Theodore Pitcairn. He determined that for the calendar year 1934 the amount of $5,000 was properly allowable on account of exclusions instead of the amount of $24,600 claimed by the donor in his gift tax return for the year 1934. Petition for *252 redetermination of the deficiency was filed in this tribunal and docketed as No. 87495. "Thereafter, the respondent notified Theodore Pitcairn's counsel by letter dated September 17, 1937, that the disallowance of the exclusions had been improper and, through his counsel, entered into a stipulation with counsel for the said Theodore Pitcairn that there was no deficiency in Federal gift tax due from the said Theodore Pitcairn for the calendar year 1934." On March 10, 1938, decision was entered in accordance with the stipulation. Subsequent to the filing of a protest by Theodore Pitcairn dated March 16, 1938, respondent determined that exclusions aggregating $25,000 and $30,000, claimed by Theodore Pitcairn in his gift tax returns for the calendar years 1935 and 1936, respectively, should be allowed and in a letter dated April 14, 1938, advised Theodore Pitcairn that there was no deficiency with respect to his gift tax for the calendar years 1935 and 1936. No deficiency in gift tax for the calendar years 1934, 1935 and 1936 was assessed against Theodore Pitcairn before the expiration of the periods of limitation provided by law for assessment of a deficiency against him as donor. *253 Theodore Pitcairn, at the time of making each of the gifts above referred to and at all times thereafter material to these proceedings was solvent and financially able to pay any tax legally assessable against him with respect to any or all of the gifts. On March 15, 1938, Theodore Pitcairn filed a gift tax return for the calendar year 1937 and paid the tax shown to be due in the amount of $14,625. The return disclosed the gifts to the six trusts and a statutory exclusion of $5,000 with respect to each was claimed. The return stated that the gifts were not gifts of future interests. On March 15, 1938, the trustees, Raymond Pitcairn and Edward C. Bostock, filed donee or trustee information returns for each of the trusts. The trustees are both citizens and residents of the United States with their principal offices at 1616 Walnut Street, Philadelphia, Pa., and their residences at Bryn Athyn, Montgomery County, Pennsylvania. On January 28, 1942, the respondent mailed a notice to Raymond Pitcairn and Edward C. Bostock "Trustees and Transferees, 1616 Walnut St., Philadelphia, Pennsylvania," stating that there had been determined "* * * for assessment against you the amount of $5,850.00 *254 plus interest as provided by law, constituting your liability as trustees and transferees of property of Mr. Theodore Pitcairn, 1616 Walnut St., Philadelphia, Pennsylvania, for gift tax for the calendar year 1937, as shown in the statement attached." In Schedule A of the statement the $5,000 gifts to the trusts are listed and included in gifts made by the donor for the benefit of the named children. The gifts are held to be gifts of future interest against which no exclusions are allowable. On March 5, 1942, the respondent sent a notice of liability by registered mail to "Mark Jeremy Pitcairn, Transferee" and another to "Feodor Urban Pitcairn, Transferee". In the first mentioned the liability asserted is $5,850. In the last mentioned the deficiency is shown to be $5,850; but the transferee's liability is stated to be limited to $5,000, the value of the assets received by the trust for his benefit. It is now stipulated that the value on December 29, 1937, of the interest of Feodor Urban Pitcairn in the property transferred on said date in trust for his benefit was $3,831.80, not taking into consideration any lien thereon for unpaid gift taxes. Group IV (Docket Nos. 110789, 111328)
*255 Facts All of the gifts in this group were made by Mildred G. Pitcairn. Six of them were for the benefit of the children named in Group I above, all of them being minor children of Raymond Pitcairn and the donor. A seventh gift was made by her to a trust for the benefit of Brent Pendleton, a grandson, who was also a minor. The gifts were in trust, a separate trust having been established for each beneficiary, identical except as to date, corpus and beneficiary. Under each the income is to be accumulated during minority. When the beneficiary reaches majority he is to receive the accumulation and thereafter to receive the income of the trust for life with remainders over. Three of the trusts had been established March 4, 1922, by Raymond Pitcairn, the beneficiaries being Karen, now Karen Pitcairn Cole (petitioner under Docket No. 111328), Michael, and Bethel. The corpus of each of the trusts consisted of 1,000 shares of the capital stock of the Pittsburgh Plate Glass Company. Additional trusts were established by Raymond Pitcairn on September 24, 1923, for the benefit of Lachlan, on December 31, 1924, for the benefit of Garthowen and on June 1, 1932, for the benefit of Vera. *256 The seventh trust was established on December 30, 1937, by Mildred G. Pitcairn for the benefit of her grandson named above. Harold F. Pitcairn was named as trustee of each trust. The corpus of the first trust mentioned in this paragraph consisted of 217 shares of the no par common stock of the Pitcairn Company. The corpus of the second consisted of $38,000 in cash and 217 shares of the same stock. The corpus of the third consisted of 466 shares of the same stock and the corpus of the last mentioned consisted of two shares of the same stock. On December 30, 1937, Mildred G. Pitcairn transferred to each of the six trusts [which had previously been established by her husband for the benefit of her children] two shares of the common stock of the Pitcairn Company having a value of $4,474.10. The value of the two shares transferred on the same date to the trustee for the benefit of her grandson had a similar value. This value does not take into consideration any lien on the property at the time of the gifts for unpaid gift tax. On March 15, 1938, Mildred G. Pitcairn filed a gift tax return for the calendar year 1937 reporting the gifts of the shares of stock. No gift tax was shown to be *257 due. The return stated that the gifts to the trusts were not of future interest in property and a statutory exclusion of $5,000 with respect to each was claimed. On March 15, 1938, Harold F. Pitcairn filed donee or trustee information returns for each of the seven trusts, disclosing the receipt by him as trustee of each trust of the two shares of stock having an approximate value of $4,474.10, or an aggregate value of $31,318.70. Mildred G. Pitcairn, at the time of making each of the gifts and at all times thereafter material to these proceedings, was solvent and financially able to pay any tax legally assessable against her with respect to any or all of the said gifts. Under date of January 28, 1942, respondent sent by registered mail to "Harold F. Pitcairn, Trustee and Transferee, 1616 Walnut St., Philadelphia, Pennsylvania," a notice stating that there was "* * * determined for assessment against you the amount of $979.12, plus interest as provided by law, constituting liability as a trustee and transferee of property of Mildred G. Pitcairn, 1616 Walnut St., Philadelphia, Pennsylvania, for gift tax for the calendar year 1937, as shown in the statement attached." In Schedule *258 A in the statement the seven trusts are listed and it is stated that the property transferred has been included in the donor's taxable gifts, no exclusions being allowed since "each of the trust indentures involved provides that the income shall be accumulated until the beneficiary reaches majority * * *." Petition was filed April 27, 1942, captioned "Harold F. Pitcairn, as Alleged Trustee and Transferee" and docketed as No. 110789. Under date of March 5, 1942, respondent sent by registered mail a notice addressed "Miss Karen Pitcairn, Transferee, 1616 Walnut St., Philadelphia, Pennsylvania" stating that there had been determined for assessment against her the amount of $979.12, constituting her liability as transferee of property of Mildred G. Pitcairn as shown in the statement attached. In Schedule A of the statement the transfers to the seven trusts are listed, the property transferred is held to be properly incluible in the donor's taxable gifts, and Karen is determined to be liable as donee and transferee for the tax due. Petition was filed under date of June 2, 1942, captioned "Karen Pitcairn Cole, as Alleged Transferee," and docketed as No. 111328. The value of the interest *259 of Karen Pitcairn Cole in the property transferred by Mildred G. Pitcairn during the calendar year 1937 in trust for her benefit was $3,280.22, not taking into consideration any lien thereon for unpaid gift tax. Opinion In each group of cases it is contended that inasmuch as the donor was solvent and financially able to pay any tax legally assessable against him with respect to any or all of the gifts, and since the three year statute of limitations [1] had barred any proceeding against him, it necessarily follows that none of the named transferees can be held as such since they are not liable "in equity" under the statute. [2] It is also contended that no "liability at law" has been shown to exist as to any of them. This tribunal has previously passed upon most of the argument now advanced. In Evelyn N. Moore, 1 T.C. 14 (on appeal 2 C.C.A.) it was held that since section 510 of the Revenue Act of 1932 makes a donee personally liable for a gift tax on the gift to the extent of the value of the gift, it is immaterial whether or not *260 there is any liability in equity on the part of the donee for the tax. The conclusion reached, the soundness of which has been questioned by the author of this opinion but which must nevertheless be followed, is that the "period of limitation applicable to a transferee" is "applicable in the case of the donee. That period, as set forth in section 526 (b), [3] is 'within one year after the expiration of the period of limitation for assessment against the donor'." The gift in the Evelyn N. Moore case was of a present interest in property. In Fletcher Trust Co., Trustee, 1 T.C. 798, the gift was of a future interest in property, the settlor having paid premiums *261 upon policies of insurance on his life which policies had been transferred to a trust for his children. It was held that "the summary methods of collecting the liability in respect of the gift tax" of the donor applied "to the trustee who had deceived and holds the gift corpus for the donee;" also that the trustee was liable under section 527 (b) since it was acting in a fiduciary capacity for the donee-beneficiaries. The Circuit Court of Appeals for the Seventh Circuit affirmed, Fletcher Trust Co. v. Commissioner, 141 Fed. (2d) 36. Fidelity Trust Co., Trustee v. Commissioner, 141 Fed. (2d) 54, was decided at about the same time by the Circuit Court of Appeals for the Third Circuit. In that case the gifts were also of future interests. The court expressed the opinion the Commissioner had "made his case much harder than need be", by adopting the postulate that the trustee, as a fiduciary, had assumed the "powers, rights, duties and privileges" of the donee and therefore is to be held under section 527 (b) for the donee's liability as a transferee under section 526. It pointed out that such theory raised "a complex valuation *262 problem which [the Commissioner] had failed to answer," the difficulty stemming from the notion that, because of Helvering v. Hutchings, 312 U.S. 393, and United States v. Pelzer, 312 U.S. 399, the beneficiaries must, for all purposes, be conbeneficiaries must, for all purposes, be considered to be the donees. The considerations which prompted the conclusions reached in the Hutchings and Pelzer cases were thought not to "preclude the conclusion that, for the purposes of section 526, the trust may be considered the transferee-donee"; but decision was not rested on that ground. The court held that since the trust estate was "the actual recipient of the benefits" it "was enhanced by the payments [and] is the transferee in the common use of the term, as one to whom something is transferred." All of the cases hold that failure to give any notice to the donor, lack of any attempt to collect the tax from him during the three year period, and his continued solvency after making the gift giving rise to the tax, are of no importance in a transferee proceeding under section 526. The theory is that the Commissioner has *263 been given four years after the return was filed for assessment and collection of the tax from the transferee. On the authority of the cited cases the present issue is decided against the respective petitioners. The question of value, raised especially by the individual beneficiaries against whom the respondent has asserted liabilities as transferees, present some difficulties. As the court pointed out in Fidelity Trust Co. Trustee v. Commissioner, supra, the value of a future interest in property, which the named beneficiary may never receive, is not equivalent to the enhancement of the trust estate. The Commissioner has accepted that view by stipulating, e.g., that the value of Michael's interest in the $4,799.72 transferred by his father to the trust for his benefit, as shown in the first group, was $3,569.83, not taking into consideration any lien thereon for unpaid gift tax. Petitioners insist that the value of such gift should be further reduced by the amount of the gift tax due thereon. Respondent argues that a donee, under section 510 of the Revenue Act of 1932, is "personally liable for [the gift tax of the donor] to the extent of the value *264 of such gift"; that value means the value of the gift to the donee and there is no provision in the statute for a reduction on account of any statutory lien; and, if petitioner's theory is held to be correct then a gift could be reduced by the amount of the unpaid gift tax and the donee would retain a part of the donor's gift, which Congress obviously did not intend. Commissioner v. Frederic W. Procter, 142 Fed. (2d) 824 and D. S. Jackman, 44 B.T.A. 704, cited therein seem to lend a modicum of support to petitioners' contention. They hold that the value, for purposes of gift taxation, is the excess of the value of the property pledged or assigned over the debt for which it stands as security. The rule, as the court pointed out, is not one of law but rather one for arriving at a conclusion of fact. No such rule, in our judgment, however, can be applied to a situation where the property to be evaluated becomes subject to a lien as a result of the gift. There is no provision in the statute authorizing any reduction on account of a lien. If such reduction were made the donee would be permitted to retain a part of the gift, *265 a result which Congress obviously did not intend. Moreover, the result of attempting to determine the value of the gift by eliminating the lien would not be materially different from that which would follow if the donor were to prescribe in his instrument of gift, as the donor did in the Proctor case, supra, that the property is not to be included in the conveyance but is to remain the property of the donor if a court shall determine that it is subject to the gift tax. We are of the opinion and hold that the donee-beneficiaries in the several proceedings are liable as transferees to the extent of the stipulated values of their respective interests in the property transferred by the donors to the trusts created for their benefit. Two issues remain to be considered, one being raised in each group and the other being raised only in Group I and Group III. The first is the validity and sufficiency of the notices to the trustees. In Groups II and IV one notice of deficiency (determination of transferee liability) was sent to the individual trustee of the several trusts in that group. Each listed the several trusts by name, indicated the value of the property transferred to the *266 trustee for the named beneficiary, and contained a statement that the named trustee was liable as a transferee for the tax of the donor resulting from the transfers. The alleged defect in each notice, which petitioners claim makes it invalid and requires that the proceeding be dismissed, is - as stated upon brief - "There being six [or some other number] separate trusts involved, there are six separate taxable entities and they cannot be joined in one notice of liability." Substantially the same defect is said to exist in Group III where one notice was sent to the two individuals who were joint trustees of the six separate trusts in this Group. In Group I the donor's wife is the trustee of four of the trusts and his brother is the trustee of the other two. The notice of deficiency was mailed to them at 1616 Walnut St., Philadelphia. It listed the several trusts by name, indicated the value of the property transferred for the benefit of the named beneficiary and contained a statement that they were liable "as trustees and transferees of property of" the named donor. The notice in this group is said to be invalid for the reason set out above and for the further reason that "there is *267 not any such taxable entity as Harold F. Pitcairn and Mildred G. Pitcairn, Trustees and Transferees" and they "are not joint trustees under any trust." It will be sufficient for present purposes to discuss the notice in Group I; for if it is sufficient the others are also. It is, of course, true that a transferee of property may not be held liable for the tax of the transferor until and unless the notice required by the statute is given. Petitioners cite several cases in which the notice has been held to be insufficient. Most of them involved notices of deficiency rather than determination of transferee liability; but inasmuch as the proceeding to enforce such liability is "subject to the same provisions and limitations as in the case of a deficiency" the cases are applicable. The cited cases establish the following principles: an individual or company against which no deficiency has been determined cannot maintain a proceeding before this tribunal. Caughey-Jossman Co., 8 B.T.A. 201; Strong Publishing Co. et al., 17 B.T.A. 1092 (reversed upon other issues 56 Fed. (2d) 550; Martha M. Hanify, 21 B.T.A. 379; *268 Antoinette J. Mitchell, Administratrix, 22 B.T.A. 1365; Heineman Chemical Co. v. Heiner, 92 Fed. (2d) 344. The notice of deficiency must be sent by registered mail as required by the statute, Henry Wilson, 16 B.T.A. 1280; American Felt Co., 18 B.T.A. 509; John A. Gebelein, Inc., 37 B.T.A. 605. A notice of deficiency sent by registered mail to an address other than petitioner's and not received by petitioner but returned to the Commissioner who remailed it by ordinary mail to petitioner's counsel is not sufficient, William M. Greve, 37 B.T.A. 450. The notice of deficiency should be addressed to the proper address of the petitioner, Henry M. Day, 12 B.T.A. 161; but the sending of the appropriate notice by registered mail and the transferee's petition for a redetermination of the liability within 90 days of the notice "supplied the requirements of section 272(a) [of the Revenue Act of 1938] so far as the Board's [United States Board of Tax Appeals] jurisdiction to *269 hear and determine the matter was concerned." Commissioner v. Rosenheim, 132 Fed. (2d) 677. The notice need not be in any special form or advise the taxpayer of his right to file a petition with this tribunal, Ventura Consolidated Oil Fields v. Rogan, 86 Fed. (2d) 149; Commissioner v. Oswego Falls Corporation, 71 Fed. (2d) 673; John A. Gebelein, Inc., supra; and "strict rules of construction of common law pleading" are not appropriate in determining the sufficiency of the notice. Burnet v. San Joaquin Fruit and Investment Co., 52 Fed. (2d) 123, certiorari denied 297 U.S. 496. Tested by the above principles we are of the opinion that the notices to the trustees are sufficient to give us jurisdiction to determine their liability, if any, as transferees of the property of their respective donors. We do not understand that any of the petitioners is contending the notice to him or her was not sent by registered mail and received and each is before us in his representative capacity. The facts are admitted, *270 both in the pleadings and in the stipulation. There is now no question that each trustee (considering in this connection the joint trustees in Docket No. 110788 as one) received during the taxable year property having a value in excess of the liability asserted against him. Petitioners' argument based upon the fact that they, as trustees, must render a separate accounting for each trust, has been considered but cannot be made the basis of a decision in their favor. Neither the government nor this tribunal has the responsibility of prorating the liability of transferees or directing that it be satisfied out of the assets of any particular trust where the trustee-transferee is administering more than one. The pleadings indicate that none of the trustees has been surprised or subjected to any unreasonable burden by being advised in one notice of his total liability. The probability that he may subject himself to surcharge by paying the total liability out of the assets of one of the estates being administered by him is too remote for speculation. Under the stipulated facts the conclusion is inescapable that each of the several named trustees received property having a value in excess *271 of the asserted liability. That, in our judgment, requires that the Commissioner's determinations be sustained, Fletcher Trust Co. v. Commissioner, supra;Fidelity Trust Co., Trustee v. Commissioner, supra, unless a different result is justified in Groups I and III under the issue which has not yet been considered. The issue just mentioned is whether the respondent's determination is erroneous because it increases net gifts for the year 1934. The petitioners in these groups aver that the determinations made in the earlier cases (Docket No. 88833 in the case of Raymond and Docket No. 87495 in the case of Theodore) are res judicata under Libbie Rice Farish, 2 T.C. 949 (on appeal 5 C.C.A. [1]) and the cases therein cited. The proceedings in Dockets 88833 and 87495 never came to trial, but were voluntarily settled by the parties through stipulations filed with this tribunal which merely stated that the parties had agreed that there were no deficiencies. Decisions were entered in accordance with these stipulations. We have heretofore held that entry of a decision pursuant to an agreed settlement *272 of the parties before trial is not such an adjudication of an issue in controversy as will support a plea of res judicata in a proceeding for a later year involving the same issue. Margaret A. C. Riter, 3 T.C. 301, 305. In the cited case, Libbie Rice Farish, supra, was distinguished. The determinations made in Dockets 88833 and 87495 do not support a plea of res judicata, and the respondent correctly determined the amount of net gifts for 1934 to be used in computing the gift tax for the taxable year 1937 involved in Groups I and III. Decisions will be entered for the respondent. Footnotes
1. The proceeding of Michael Pitcairn was consolidated herewith. Consolidation of the other eight cases into three groups as shown in the opinion was also made and the four groups were submitted simultaneously.↩
1. Section 1016 I.R.C.↩; Section 517 Revenue Act of 1932. 2. Section 1025 I.R.C.↩; Section 526 Revenue Act of 1932.
3. SEC. 526. TRANSFERRED ASSETS. * * *
(b) Period of Limitation. - The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: (1) Within one year after the expiration of the period of limitation for assessment against the donor. (2) If a court proceeding against the donor for the collection of the tax has been begun within the period provided in paragraph (1), - then within one year after return of execution in such proceeding.↩
1. Subsequently vacated and cause remanded by CCA-5, upon joint motion of counsel.↩