J. Maurice Gray, et al., as Alleged Trustees and Transferees, v. Commissioner. Elva P. Hammer, as Alleged Transferee, v. Commissioner. Robert Bertram Publicker, a Minor, as Alleged Transferee, by Rose Publicker, His Next Friend, v. Commissioner.
Gray v. Commissioner
Docket Nos. 110797, 111344, 111345.
United States Tax Court
1944 Tax Ct. Memo LEXIS 215; 3 T.C.M. (CCH) 552; T.C.M. (RIA) 44204; June 7, 1944
*215 Thorpe Nesbit, Esq., Albert S. Lisenby, Esq., and J. Maurice Gray, Esq., 1240 Land Title Bldg., Philadelphia, Pa., for the petitioners. Myron S. Winer, Esq., for the respondent. MELLOTT
Memorandum Opinion MELLOTT, Judge: Petitioners contest the respondent's determinations that they are liable, as transferees of property of Harry Publicker, for gift tax for the calendar year 1937 in the amount of $1,500. The cases were consolidated. The issues are: (1) Whether proper and sufficient notice of liability as transferees has been given to the trustees; (2) Whether the statute of limitations has barred the Commissioner from proceeding against the trustees and beneficiaries, as transferees; and (3) Whether the liability of the respective beneficiaries, as transferees, is limited to the value of the gift to each, reduced by the amount of unpaid gift tax. The facts are found to be as stipulated, including in this connection those shown by the exhibits referred to in the stipulation and introduced in evidence at the hearing. The following summary will suffice for present purposes. [The Facts] All of the petitioners are citizens and residents of the United States, residing in the *216 State of Pennsylvania. The returns hereinafter referred to were filed with the collector of internal revenue for the first district of Pennsylvania. On August 15, 1935, Harry Publicker created two trusts for the benefit of his children, Elva Z. Publicker, now Elva P. Hammer, and Robert Bertram Publicker. Helen Publicker Neuman and J. Maurice Gray were named as trustees of each trust. 4,765 shares of the no par value common stock of Publickei Commercial Alcohol Company were transferred to the trustees for the benefit of each child. The stock had a value of $121,888.70 or a total of $243,777.40. A similar block of stock was transferred as a gift to Helen Publicker Neuman, the aggregate gifts made by the donor during that year being $365,666.10. Harry Publicker filed a gift tax return for the calendar year 1935 on March 16, 1936, reporting the three gifts aggregating $365,666.10. An exclusion of $5,000 with respect to each of the three gifts was claimed as well as a specific exemption of $50,000. The gift tax shown to be due in the amount of $25,279.93 was paid. The respondent examined and audited the return and at no time prior to the expiration of the statutory period of limitations *217 applicable thereto did he notify either Harry Publicker or the petitioners of any purported deficiency in gift tax due by the said Harry Publicker for 1935. On December 24, 1937 Harry Publicker created two additional trusts for the benefit of the children named above, transferring to Rose Publicker, Helen Publicker Neuman and J. Maurice Gray certain life insurance policies having a value of $5,311.08 each. The trustees accepted the trusts and the trust property and have administered and still hold it in accordance with the trust indentures. On March 15, 1938, Harry Publicker filed a gift tax return for the calendar year 1937. In the return he reported the gifts aggregating $10,622.16, claimed exclusions of $5,000 with respect to each gift and showed the total tax to be due for the year 1937 as $93.32. The amount was paid. Respondent did not, at any time prior to the expiration of the three year statutory period of limitations for assessment of gift taxes for the calendar year 1937 against Harry Publicker, notify either him or the petitioners herein or any of them of any deficiency in gift taxes due from said donor for the calendar year 1937. The trustees, petitioners in Docket *218 No. 110797. filed donee or trustee information returns covering the gifts in trust referred to above, separate information returns being made and filed with respect to each gift. The information returns for 1935 were signed by Helen P. Neuman and J. Maurice Gray and those for 1937 were signed "J. Maurice Gray, one of the abovenamed trustees." In determining the liability asserted herein the respondent determined that the four gifts for the benefit of the children were gifts of future interest in respect of which no exclusions were or are allowable. This resulted in a determination that the net taxable gifts made by Harry Publicker in 1937 aggregated $10,622.16 rather than $622.16 as shown by the return and that the net taxable gifts made by him during 1935 aggregated $320,666.10 rather than $300,666.10 as shown by the return. The gifts to the trusts for the benefit of the children were of future interests. Harry Publicker, at the time of making each of the gifts in trust and at all times thereafter material to thes proceedings, was solvent and financially able to pay any tax legally assessable against him with respect to any or all of said gifts. On January 28, 1942, respondent *219 sent, by registered mail, a notice to J. Maurice Gray, et al., trustees and transferees, addressed to Morris Building, Philadelphia, Pennsylvania. This was the address of the trustees shown on the information returns. Therein he stated that there had been "* * * determined for assessment against you the amount of $1,500, plus interest as provided by law, constituting your liability as trustees and transferees of property of Harry Publicker, * * * as shown in the statement attached." Petition, verified by the three trustees, was filed April 28, 1942, and docketed as No. 110797. On March 9, 1942, notices were sent by registered mail addressed to Elva Z. Publicker, transferee, and Robert Bertram Publicker, transferee, c/o Harry Publicker, 260 South Broad Street, Philadelphia, Pennsylvania, advising that each of the parties named had been determined to be liable, as a transferee of property of Harry Publicker, for gift tax for the calendar year 1937 in the amount of $1,500. On June 3, 1942, petitions were duly filed herein and docketed as Nos. 111344 and 111345. The trustees argue that the proceeding should be dismissed as to them for want of jurisdiction because the notice is "improper *220 and insufficient on two counts." It is said that since there are four trusts "there are four separate taxable entities and they cannot be joined in one notice of liability"; also that "the notice is ineffective as to any of the trusts because it did not fully name either of the two sets of trustees." It is, of course, true that a transferee of property may not be held liable for the tax of the transferor until and unless the notice required by the statute is given. Petitioners cite several cases in which the notice has been held to be insufficient. Most of them involved notices of deficiency rather than determination of transferee liability; but inasmuch as the proceeding to enforce such liability is "subject to the same provisions and limitations as in the case of a deficiency" the cases are applicable. The cited cases establish the following principles: an individual or company against which no deficiency has been determined cannot maintain a proceeding before this tribunal. Caughey-Jossman Co., 8 B.T.A. 201; Strong Publishing Co. et al., 17 B.T.A. 1092 (reversed upon other issues 56 Fed. (2d) 550; *221 Martha M. Hanify, et al., 21 B.T.A. 379; Antoinette J. Mitchell, Administratrix, 22 B.T.A. 1365; Heinemann Chemical Co. v. Heiner, 92 Fed. (2d) 344. The notice of deficiency must be sent by registered mail as required by the statute, Henry Wilson, 16 B.T.A. 1280; American Felt Co., 18 B.T.A. 509; John A. Gebelein, Inc., 37 B.T.A. 605. A notice of deficiency sent by registered mail to an address other than petitioner's and not received by petitioner but returned to the Commissioner who remailed it by ordinary mail to petitioner's counsel is not sufficient, William M. Greve, 37 B.T.A. 450. The notice of deficiency should be addressed to the proper address of the petitioner, Henry M. Day, 12 B.T.A. 161; but the sending of the appropriate notice by registered mail and the transferee's petition for a redetermination of the liability within 90 days of the notice "supplied the requirements of section 272 (a) [of the Revenue Act of 1938] *222 so far as the Board's [United States Board of Tax Appeals] jurisdiction to hear and determine the matter was concerned. Commissioner v. Rosenheim, 132 Fed. (2d) 677. The notice need not be in any special form or advise the taxpayer of his right to file a petition with this tribunal, Ventura Consolidated Oil Fields v. Rogan, 86 Fed. (2d) 149; Commissioner v. Oswego Falls Corporation, 71 Fed. (2d) 673; John A. Gebelein, Inc., supra; and "strict rules of construction of common law pleading" are not appropriate in determining the sufficiency of the notice. Burnet v. San Joaquin Fruit and Investment Co., 52 Fed. (2d) 123, certiorari denied, 297 U.S. 496. Tested by the above principles we are of the opinion that the notice is sufficient. It was addressed "J. Maurice Gray et al., Trustees and Transferees" and was sent to the address shown upon the returns. The statement indicates a copy was also transmitted to a representative of the trustees in accordance with the authority contained in a power of attorney *223 executed by the trustees and filed with the Bureau of Internal Revenue. The abbreviation "et al." is not meaningless and the petition, verified by all three of the trustees, indicates that none of them was misled; for therein it is stated that "Petitioners presume that Rose Publicker and Helen Publicker Neuman are the individuals referred to therein under the designation 'et al'." The presumption or assumption was clearly justified. Indeed the designation used in the notice was tacitly invited in the returns; for on the line following the printed words "Trustee's name" is typed "C/o J. Maurice Gray, Morris Building, Philadelphia, Pa." The returns were signed only by J. Maurice Gray, followed by the notation "one of the above named Trustees." The petition admits that J. Maurice Gray and Helen Publicker Neuman are the trustees under the two 1935 trusts and that he, Rose Publicker and Helen Publicker Neuman are the trustees under the 1937 trusts. It is now stipulated that the three of them, as trustees, received, for the benefit of each child, property of the donor "in excess of the liability in controversy of gift tax for the calendar year 1937, together with interest thereon of Harry *224 Publicker, donor." That, in our judgment, requires approval of the respondent's determination unless a different result is justified upon some ground not yet considered. The second issue is whether the statute of limitations has barred the Commissioner from proceeding against the trustees and beneficiaries as transferees. It is argued that inasmuch as the donor was solvent and financially able to pay any tax legally assessable against him with respect to the gifts and since the three year statute of limitations [1] had barred any proceeding against him, it necessarily follows that neither the trustees nor the beneficiaries can be held as transferees since they are not liable in equity under the statute. [2] It is also contended that no liability at law has been shown to exist as to any of them. This tribunal has previously passed upon most of the argument now advanced. In Evelyn N. Moore, 1 T.C. 14 [Dec. 12,876] (on appeal 2 C.C.A. 2a) it was held that since section 510 of the Revenue Act of 1932 makes a donee personally liable for *225 a gift tax on the gift to the extent of the value of the gift, it is immaterial whether or not there is any liability in equity on the part of the donee for the tax. The conclusion reached, the soundness of which has been questioned by the author of this opinion but which must nevertheless be followed, is that the "period of limitation applicable to a transferee" is "applicable in the case of the donee, That period, as set forth in section 526 (b), [3] is 'within one year after the expiration of the period of limitation for assessment against the donor'." The gift in the Evelyn N. Moore *226 case was of a present interest in property. In Fletcher Trust Co., Trustee, 1 T.C. 798, the gift was of a future interest in property, the settlor having paid premiums upon policies of insurance on his life which policies had been transferred to a trust for his children. It was held that "the summary methods of collecting the liability in respect of the gift tax" of the donor applied "to the trustee who had received and holds the gift corpus for the donee;" also that the trustee was liable under section 527 (b) since it was acting in a fiduciary capacity for the donee-beneficiaries. The Circuit Court of Appeals for the Seventh Circuit affirmed, Fletcher Trust Co. v. Commissioner, 141 Fed. (2d) 36. Fidelity Trust Co., Trustee v. Commissioner, 141 Fed. (2d) 54, was decided at about the same time by the Circuit Court of Appeals for the Third Circuit. In that case the gifts were also of future interests. The court expressed the opinion the Commissioner had "made his case much harder than need be", by adopting the postulate that the trustee, as a fiduciary, had assumed the "powers, rights, duties *227 and privileges" of the donee and therefore is to be held under section 527 (b) for the donee's liability as a transferee under section 526. It pointed out that such theory "raised a complex valuation problem which [the Commissioner] had failed to answer," the difficulty stemming from the notion that, because of Helvering v. Hutchings, 312 U.S. 393, and United States v. Pelzer, 312 U.S. 399, the beneficiaries must, for all purposes, be considered to be the donees. The considerations which prompted the conclusions reached in the Hutchings and Pelzer cases were thought not to "preclude the conclusion that, for the purposes of section 526, the trust may be considered the transferee-donee"; but decision was not rested on that ground. The court held that since the trust estate was "the actual recipient of the benefits" it "was enhanced by the payments [and] is the transferee in the common use of the term, as one to whom something is transferred." All of the cases hold that failure to give any notice to the donor, lack of any attempt to collect the tax from him during the three year period, and his continued solvency *228 after making the gift giving rise to the tax, are of no importance in a transferee proceeding under section 526. The theory is that the Commissioner has been given four years after the return was filed for assessment and collection of the tax from the transferee. On the authority of the cited cases the present issue is decided against the respective petitioners. The final contention of the petitioners is: if the beneficiaries are liable as donees, the liability of each is limited to the value of his or her interest in the gift, reduced by the amount of the lien for unpaid gift tax. Such computations as readily come to mind under the present facts (value of property transferred to each trust $5,311.08 and total asserted liability $1,500) make it appear that the question is probably moot. Nevertheless it has been considered. The only case cited by petitioners is Fred C. Gruen, 1 T.C. 130. In that case gifts of property were made by two men to their children. The donors were insolvent and the children were required to pay substantial amounts upon the income tax owing by their respective fathers when the gifts were made. We held that the values of the *229 gifts to the children were to be reduced by the amount of income tax so paid. Cf. D. S. Jackman, 44 B.T.A. 704; Commissioner v. Procter, 142 Fed. (2d) 824. In the instant proceeding, however, the property transferred by the donor was not subject, at the time of transfer, to any lien, mortgage or pledge. The statute (section 510 Revenue Act of 1932) makes the donee "personally liable for such [gift] tax to the extent of the value of such gift." It contains no provision authorizing a reduction on account of any lien resulting from the gift. The obvious intent of the legislation, especially the transferee provisions of the statute (Sec. 526 Revenue Act of 1932), is to protect the revenue by providing, in effect, that one who receives property by gift may, if necessary, be required to pay all of it (but no more) over to the fiscus. If the construction urged upon us by the petitioners should be adopted it is obvious that many situations could arise where a donee would be permitted to retain a portion of the gift even though the tax, or a substantial portion of it, be unpaid. We are of the opinion that the beneficiaries are *230 liable, as transferees, to the extent of their respective interests in the property transferred by their father to the trusts during the taxable year. Decision will be entered for the respondent. Footnotes
1. Section 1016 I.R.C.↩; Section 517 Revenue Act of 1932. 2. Section 1025 I.R.C.↩; Section 526 Revenue Act of 1932.
2a. Affirmed by CCA-2, 146 Fed. (2d) 824, 45-1↩ USTC [*] 10,167. 3. SEC. 526. TRANSFERRED ASSETS. * * *
(b) Period of Limitation. - The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: (1) Within one year after the expiration of the period of limitation for assessment against the donor. (2) If a court proceeding against the donor for the collection of the tax has been begun within the period provided in paragraph (1), - then within one year after return of execution in such proceeding.↩