UNITED STATES of America, Plaintiff-Appellant,

and

State of Florida, Department of Environmental Regulation, Plaintiff-Intervenor,

v.

CONTEXT–MARKS CORPORATION, et al., Defendants-Appellees.

No. 82–5444.

United States Court of Appeals, Eleventh Circuit.

March 29, 1984.

1295

Joseph C. Jacobs, Ervin, Varn, Jacobs, Odom & Kitchen, Melissa Allaman, Tallahassee, Fla., for Toppino & Sons.

Before HILL and HATCHETT, Circuit Judges, and ALLGOOD [*], District Judge.

ALLGOOD, District Judge:

The government appeals from the district court's refusal to grant a permanent injunction against appellees, Marks Development, Inc., et al. The government had sought to require the appellees to remove approximately 20,000 cubic yards of fill material which the government contended had been placed below the mean high water line (hereinafter MHWL)[1] in violation of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403 of the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1311(a) (the Clean Water Act).

The appellees counterclaimed against the United States and the plaintiff-intervenor, the State of Florida Department of Environmental Regulation, seeking injunctive relief from prospective permitting of the subject property above the MHWL and proposing an alternative restoration plan in the event that the court found some restoration necessary.

The property in question, Parcel 38, is a roughly rectangular piece of land, enclosed by Roosevelt Boulevard and comprising 52 acres in Key West, Florida. This property was purchased in June, 1972, and was to be developed in a multi-unit apartment complex and marina in accordance with the Master Plan of the City of Key West. In November of 1972, the appellees applied for and obtained a dredge and fill permit from the City of Key West. A fill operation on approximately 10 percent of Parcel 38 was commenced in November and December of 1972.

Anne S. Almy, Appellate Section, Land and Natural Resources Div., U.S. Dept. of Justice, Robert L. Klarquist, Environmental Defense Section, Washington, D.C., for plaintiff-appellant.

Paul R. Ezatoff, Jr., State of Fla., Dept. of Environmental Regulation, Tallahassee, Fla., Maria A. Iizuka, Dept. of Justice, Land and Natural Resources Div., Washington, D.C., for State of Fla.

Robert L. Parks, Podhurst, Orseck & Parks, P.A., Joel D. Eaton, Miami, Fla., for Island, L.M. Marks and J. Pijuan.

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Also called mean high water mark and mean high tide line.

During the time that this fill operation was taking place, the Randall Act, F.S. 253.135(3), which exempted property in Key West from state dredge and fill permit requirements, was in full force and effect. Also at this time, the Corps of Engineers was not exerting jurisdiction above the MHWL and did not require permits to fill above the MHWL. Historically, the Corps had not exercised its full jurisdiction in the area of the fill in question (within Roosevelt Boulevard) and had not required permits to fill *below* the MHWL in that area.

In January, 1973, the Corps sent a cease and desist order to the appellees concerning the fill which the Corps alleged was below the MHWL. In June, 1973, the government filed a criminal information against Island in the Sun Condominiums, Inc.,[2] charging unauthorized filling. The Corporation pleaded *nolo contendere* and was fined $500.

An application to dredge a marina in the area bounded by the fill was submitted in July, 1973. This application was considered by all the parties concerned to be an after-the-fact permit application. Appellees were denied the permit because they had been denied a water quality certification (a prerequisite for the granting of a permit) by the State of Florida. Appellees were ordered to remove the fill at this time and were so ordered again in November, 1977, after the Florida Supreme Court denied certiorari to review the state court's decision to uphold the denial of certification. When the appellees failed to comply, this suit was brought.

On January 15, 1982, the district court ordered partial restoration, additionally, the appellants were ordered to abide by the regulations in effect in December 1972 and January 1973 provided that the appellees accomplished the partial restoration at their own expense. The district court also held that the appellees were not individually liable.

The government raises three issues on appeal:

1. Whether, under the facts of this case, the United States may be estopped from requiring the appellees to comply with the provisions of the Clean Water Act prior to filling wetlands situated above the MHWL.

2. Whether the appellees should be required to remove illegally placed fill material and restore the wetlands to their original condition.

3. Whether the district court improperly failed to hold the individual appellees liable for the costs of remedying a violation of the River and Harbor Act.

■ With respect to the first issue raised by the government, the district court held that "requiring a § 404 permit for the property above the mean high water line would be a *retroactive* application of Corps regulations and this requirement would be unreasonable and result in a 'manifest unjustice.'" (citations omitted) (emphasis in original). The court found that had the Corps not intervened in January 1973 without determining the location of the MHWL, the land above the MHWL could have been developed prior to the implementation of the Corps revised wetlands policy (33 C.F.R. § 209.120(e)(2)(iii)) which required permits for work above the MHWL, and thus would have been "grandfathered" in.

In a factually similar case decided by this same panel, *Buccaneer Point Estates, Inc., et al. v. United States, et al.,* 729 F.2d 1297 (11th Cir.1984), we held that retroactive application of the permitting requirement would not be appropriate. We affirm the similar holding of the lower court here.

■ The trial court's determination to order partial restoration of the filled portion of Parcel 38 rather than the total restoration sought by the government rests upon two separate grounds: (1) equitable estoppel; and (2) equitable standards for fashioning relief for the government in cases of violation of federal dredge and fill

---

**2.** Island in the Sun Condominiums, Inc., was formed to develop the property.

regulations.[3] The government argues that the trial court erred in estopping the government from obtaining total restoration below the MHWL and that it abused its discretion in ordering only partial restoration. As this court finds the action of the trial court to be fully sustainable on the second ground alone, we decline to address the estoppel issue.[4]

The cases utilized by the district court in fashioning its restoration order indicate that the court should base such orders on "a complete examination of both the environmental factors involved and the practicalities of the situation." *Weiszmann v. District Engineer, U.S. Corps of Engineers*, 526 F.2d 1302, 1304 (5th Cir.1976); *United States v. Moretti*, 526 F.2d 1306, 1310 (5th Cir.1976); see, also, *United States v. Sexton Cove Estates*, 526 F.2d 1293 (5th Cir.1976). The memorandum opinion of the district court reveals a careful consideration of all relevant factors. We find the government's allegations of error with regard to the findings of fact on this issue without merit and find no abuse of discretion in the court's order for partial restoration.

As a condition for further development, the district court below ordered the individual defendants as well as the corporate developer to restore the property below the MHWL. Therefore, this court need not reach the third issue raised by the government.

Accordingly, for the reasons discussed above, the decision of the district court is AFFIRMED.

**3.** The trial court, in its memorandum opinion, referred to a trilogy of cases as setting forth the "standard for fashioning restoration" in this circuit: *United States v. Sexton Cove Estates*, 526 F.2d 1293 (5th Cir.1976); *Weiszmann v. District Engineer, U.S. Corps of Engineers*, 526 F.2d 1302 (5th Cir.1976); *United States v. Moretti*, 526 F.2d 1306 (5th Cir.1976) (Moretti II).

**4.** This court has held that equitable estoppel will not lie against the government when it acts in

its sovereign capacity. *Deltona Corp. v. Alexander*, 682 F.2d 888 (11th Cir.1982); *Hicks v. Harris*, 606 F.2d 65 (5th Cir.1979). The district court found that the Corps' activities amounted to "affirmative misconduct" and applied estoppel, however the "affirmative misconduct" exception to the general rule that the United States is not subject to an estoppel when it acts in its sovereign capacity has not been accepted by this circuit. See, *Deltona, supra.*