**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul D. NORRIS, et al., Defendants,**

**First Citizens National Bank of
Dyersburg, Tennessee,
Defendant–Appellant.**

**No. 90–5861.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 12, 1991.

Decided June 21, 1991.

Robert M. Williams, Jr., Asst. U.S. Atty., Office of U.S. Atty., Memphis, Tenn., Albert M. Ferlo, Jr. (argued), U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., Charles L. Harris, U.S. Army Corps of Engineers, Memphis Dist., Memphis, Tenn., for plaintiff-appellee.

Sammie L. Arnold (argued), Ashley & Ashley, Marianna G. Williams, Ashley & Ashley, Dyersburg, for defendant-appellant.

Before NELSON and SUHRHEINRICH, Circuit Judges, and HACKETT, District Judge.*

PER CURIAM.

The defendant bank acquired ownership of a parcel of land through mortgage foreclosure proceedings. Before he obtained the mortgage loan, the borrower had built a substantial levee and ditch that changed the physical character of the property as a wetland. The work had been done in violation of federal law. Upon application by the United States, the district court entered an order requiring the bank to let the former owner restore the land to its earlier state by "degrading" the levee at regular intervals. The bank has appealed. Finding no abuse of discretion by the district court, we shall affirm the order.

I

The Middle Fork of the Forked Deer River is a navigable waterway that flows through Crockett County, Tennessee. The land in question is adjacent to the river. In May and June of 1981, without obtaining a required permit from the Secretary of the Army, Paul Norris, the owner of the land, constructed a levee to control flooding and facilitate farming. The parties have stipulated that construction of the levee violated § 404 of the Federal Water Pollution Control Act, 33 U.S.C. § 1344.

On November 30, 1981, Mr. Norris mortgaged the land to defendant First Citizens National Bank for $284,000.00. A law firm retained by the bank conducted a title search and certified that Mr. Norris and his wife were the record owners. The law firm stated that its certification was "[b]ased solely on our examination of [the] public records" and was subject, among other things, to "any state of facts that an accurate survey might reveal." An affidavit by an officer of the bank attests that "First Citizens complied with its policies and procedures for making loans and securing collateral," but the record does not disclose whether these policies and procedures would have required the bank to conduct an on-site inspection of the property before agreeing to the mortgage.

Mr. Norris defaulted on the loan. The bank acquired title by foreclosure and later sold the property to a Mr. and Mrs. Davis. Unaware of these developments, the United States sued Mr. Norris to have the levee

---

* The Honorable Barbara Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation.

removed. The Davises were eventually added as defendants, whereupon they filed a third-party complaint against the bank. Pursuant to a settlement agreement with the Davises, the bank repurchased the land. The United States then added the bank as a defendant and dismissed its complaint against the Davises.

Under the terms of a settlement between Mr. Norris and the United States, Norris agreed to restore the property to its wetland status by making a series of openings in the levee. The bank refused to allow Norris to enter the land, however, contending that because title had been acquired by the bank without notice of any illegality, the bank was under no duty to let the agricultural value of the property be compromised.

In order to facilitate the resolution of their dispute, the bank and the United States entered into a comprehensive stipulation of facts. The stipulation provided, among other things, that the work Norris had agreed to perform was "necessary to restore the function of the wetlands."

On cross-motions for summary judgment, the district court ordered the bank to allow the restoration work to proceed. This appeal followed.

## II

A district court's decision to grant injunctive relief is normally subject to review under an abuse of discretion standard. See, *e.g.*, *Securities and Exchange Commission v. Youmans*, 729 F.2d 413, 415 (6th Cir.), *cert. denied*, 469 U.S. 1034, 105 S.Ct. 507, 83 L.Ed.2d 398 (1984). This is the standard normally applicable on review of injunctions issued to remedy violations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* *United States v. Context–Marks Corp.*, 729 F.2d 1294, 1296–1297 (11th Cir.1984).

The bank argues that the district court abused its discretion in granting injunctive relief because (1) there is not adequate scientific evidence to show that the restoration plan will improve the environment; (2) restoration is not achievable as a practical matter; and (3) restoration would be ineq-uitable because the bank did not know about the levee when it obtained its mortgage.

The first two contentions are inconsistent with the stipulation. The United States needs no scientific evidence to show that the restoration plan will improve the environment, the bank having stipulated that the plan was necessary to restore the wetlands. The stipulation likewise settles any question as to the practicality of the restoration plan.

We find no abuse of discretion in the district court's weighing of the equities insofar as the bank's "innocent purchaser" contention is concerned. The illegal levee had been in place for some five months when the bank acquired its mortgage, and there is no contention that the presence of the recently-built earthworks would not have been obvious to the bank upon inspection of the land. If the bank lent more than a quarter of a million dollars without inspecting the property by which the loan was to be secured, the bank acted imprudently. It acted no less imprudently, we believe, if it saw the new levee and failed to satisfy itself that the necessary permit had been issued.

AFFIRMED.