ADELE F. GOODMAN, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1997. Promulgated October 12, 1944.

*Edgar B. Bronson, Esq.*, for the petitioner.
*Henry C. Clark, Esq.*, for the respondent.

**OPINION.**

SMITH, *Judge*: We first consider the question whether the petitioner was liable for gift tax in any amount for 1939. The petitioner contends that she is not, for the reason that she took no action in 1939 relative to the trusts which she created on December 19, 1930.

The gift tax applicable to the year 1939 is imposed by the Revenue Act of 1932 as amended. Section 501 of that act provides as follows:

SEC. 501. IMPOSITION OF TAX.

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *

(c) The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.

In *Burnet* v. *Guggenheim*, 288 U. S. 280, it was held that under the Act of 1924, which contained no such provision as section 501 (c) of the Revenue Act of 1932, a transfer in trust with a power of revocation reserved was incomplete as a gift, and became a taxable gift upon the relinquishment of such power. Following such decision, subsection (c) was repealed as unnecessary by section 511 of the Revenue Act of 1934.

The petitioner admits that upon the authority of *Burnet* v. *Guggenheim* a relinquishment in 1939 by the petitioner of her power to revoke the trust would have resulted in a taxable gift; in other words, the fact that the trust instrument was executed at a time when no gift tax law was in effect would have no materiality if the petitioner had relinquished her right to revoke in 1939. See also *Commissioner* v. *Allen* (C. C. A., 3d Cir.), 108 Fed. (2d) 961; certiorari denied, 309 U. S. 680, where a gift was made prior to the effective date of the Revenue Act of 1932, and the infant donor's right to disaffirm her gift upon attaining her majority was extinguished by her voluntary abstention from such disaffirmance when the time came, known in advance, for her to make the election. The petitioner submits, however, that the subsequent termination in 1939 of the petitioner's power of revocation without any act of volition on her part can not be deemed a taxable gift by her under the Act of 1932.

Petitioner seeks to distinguish this proceeding from *Commissioner* v. *Allen* upon the ground that her power to revoke was terminated by an unpredictable event beyond her control, viz., the death of her husband.

In *Sanford's Estate* v. *Commissioner*, 308 U. S. 39, it was stated:

* * * The gift tax was supplementary to the estate tax. The two are in pari materia and must be construed together. (*Burnet* v. *Guggenheim, supra,* 288 U. S., page 286 * * *). An important, if not the main purpose of the

gift tax was to prevent or compensate for avoidance of death taxes by taxing the gifts of property inter vivos which, but for the gifts, would be subject in its original or converted form to the tax laid upon transfers at death.

It is entirely apparent that if the petitioner's contention upon this point is sustained the effectiveness of the gift tax as supplementing the estate tax would be largely emasculated; for a person could create a trust as the petitioner did, reserving the right to revoke, dependent upon some unpredictable event. While he had the right of revocation the gift was incomplete and no gift tax would attach. *Burnet* v. *Guggenheim, supra.* The gift would be completed upon the happening of the contingency. The gift tax would be avoided. So would the estate tax, provided the trust had not been created in contemplation of death.

No gift was made by the petitioner by the creation of the trust on December 19, 1930. She did, however, have a donative intent to make the gift, provided she did not revoke it, and such donative intent continued until the death of her husband. That occurred in 1939. The respondent correctly held that the gift was made in 1939.

The only other question in issue is the value of the trust assets constituting trust estate B. The respondent has determined that the value for gift tax purposes is the amount payable under the policies upon the death of the insured. It is stipulated that the amount payable on the policies, including $3,314.15 post mortem dividends, was $503,314.15.

The petitioner contends that the value of the gift is the value of the property which passes from the donor and not the value of the property receivable by the donees.

If the petitioner had relinquished her right to revoke during the lifetime of her husband, the value clearly would be less than the $503,314.15 payable under the policies. But she did not relinquish that right, and any argument based upon that theory is irrelevant. The value of the property that became absolute in the donees at the date of the death of Maurice Goodman was $503,314.15. If the petitioner had revoked the trusts prior to the death of her husband, she would have been entitled to receive (she was the beneficiary of the policies) the full amount of $503,314.15. The value of life insurance policies for estate tax purposes upon the death of a decedent is the proceeds of policies. *Chase National Bank* v. *United States*, 278 U. S. 327. Since the gift tax and the estate tax are *in pari materia*, we think that the same rule would apply in a case such as the present one. We therefore sustain the respondent's determination upon this issue.

*Decision will be entered under Rule 50.*