**Leonard LANSBURGH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 87–984–Civ.**

United States District Court, S.D. Florida, Miami Division.

Aug. 26, 1988.

James L. Armstrong, III, Kelley, Drye & Warren, Miami, Fla., for plaintiff.

Joy L. Pritts, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

ORDER ENTERING SUMMARY FINAL JUDGMENT FOR THE UNITED STATES ON IT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon cross motions for summary judgment filed by the parties to this matter, and upon a hearing held on July 18, 1988 to determine the said motions.

THE COURT has considered the motions, the arguments of counsel, the relevant portions of the record, and the applicable law, and being otherwise advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Government's motion for summary judgment be, and the same hereby is, GRANTED, and that the plaintiff's motion for summary judgment be, and the same hereby is, DENIED.

Plaintiff Leonard Lansburgh and his ex-wife filed a joint federal income tax return for the year ending December 31, 1978. Ordinarily, the assessment and collection procedure must be initiated by the issuance of a Notice of Deficiency within three year from the date of filing a return. 26 U.S.C. Sections 6501(a) and 6213(a). However, on December 22, 1981, the Lansburghs executed IRS Form 872–A, Special Consent to Extend the Time to Assess Tax. The consent form extends the statute of limitations, stating that tax liability for 1978 may be assessed

> on or before the 90th (ninetieth) day after: ... (c) the Internal Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for such period(s) stated in the notice of deficiency will *end 60 days after the period during which the making of an assessment was prohibited.*

(emphasis added).

A taxpayer has 90 days after a notice of deficiency is mailed in which to petition the Tax Court for a redetermination of the deficiency; during this period the Internal Revenue Service is prohibited from making an assessment in respect of the alleged deficiency. 26 U.S.C. Section 6213(a). If the taxpayer does petition the Tax Court, the IRS is further prohibited from making the assessment until the decision of the Tax Court becomes final. *Id.*

Finality of decisions of the Tax Court is governed by 26 U.S.C. Section 7481, which provides that a decision in a nonreviewable case (one involving less than $10,000) becomes final after 90 days. For reviewable cases, if no appeal is noticed from a decision, the decision becomes final upon expiration of the time for notice of appeal. 26 U.S.C. Section 7483 provides that a notice of appeal from a reviewable case must be

filed within 90 days. In the absence of an appeal, both reviewable and nonreviewable decisions of the Tax Court become final 90 days after entry.

Thus, the extension of the limitations period accomplished by current Form 872–A would ordinarily expire 60 days after the completion of the 90 day period of prohibition against assessment which follows the mailing of a notice of deficiency, or 150 days after the mailing of such notice. If the taxpayer petitions for a redetermination of deficiency, however, the limitations period would expire 60 days after the 90 day period of prohibition following entry of the Tax Court decision.

A Notice of Deficiency was mailed to the Lansburghs on December 8, 1982, and on March 1, 1983, the Lansburghs petitioned the Tax Court for a redetermination of deficiency. The decision of the Tax Court was rendered on October 4, 1984 on the basis of an agreement between the parties, and determined a deficiency of $89,701.54. As part of the stipulation, the decision provided that "effective on the entry of this decision by the Court, petitioners waive the restrictions contained in Section 6213(a) of [the IRS Code] prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court has become final." Plaintiff paid $203,000 to the IRS on October 24, 1984, representing the deficiency plus interest up to that date. On December 10, 1984—sixty-seven days after entry of the Tax Court judgment—the IRS assessed the $203,000 deficiency and interest.

Subsequently, Leonard Lansburgh filed an amended tax return for the year 1978, seeking a refund of the $203,000 paid to the IRS. The asserted basis for the refund was that the deficiency had been assessed after expiration of the statute of limitations, as extended by Form 872–A. The present action represents the plaintiff's continuing effort to reclaim the funds paid in satisfaction of the Tax Court judgment. The operation of Form 872–A, as well as its primacy within the legal framework governing assessment of federal income tax deficiencies, must be examined to determine the legitimacy of the plaintiff's claim.

Form 872–A provides for assessment of any deficiency within 60 days after the period during which the "making of an assessment was prohibited." Ordinarily, this provision would allow assessment for 60 days after any decision of the Tax Court became final, since the making of an assessment is prohibited prior to that time. In this case, however, the 90 day prohibition against assessment following entry of the agreed Tax Court judgment was waived. The prohibition against assessment therefore ended with the entry of the Tax Court's decision and according to its terms. The Government's assessment 67 days later was untimely according to the explicit provisions of Form 872–A.

The Government argues that regardless of the Lansburghs' waiver of actual prohibition, the decision of the Tax Court did not become a "final decision" within the meaning of 26 U.S.C. Section 7481 until the statutory *period* of prohibition had elapsed, citing *Security Industrial Insurance Co. v. United States*, 830 F.2d 581 (5th Cir. 1987) and *Becker Brothers, Inc. v. United States*, No. 85–1085 (C.D.Ill. Feb. 3, 1988) [available on WESTLAW, 1988 WL 75234] (order on motions for summary judgment). The aforementioned cases cogently support the Government's position. The Government erroneously concludes, however, that the statute of limitations is extended by Form 872–A until 60 days after the decision of the Tax Court became final. Because the version of Form 872–A used in this case measures the extension of the limitations period from the period of prohibition against assessment rather than the date of finality of the Tax Court judgment, the cases cited by the Government are unavailing at this juncture.

Alternatively, the Government argues that the assessment was timely by virtue of 26 U.S.C. Section 6503(a), which provides that

The running of the period of limitations provided in section 6501 or 6502 (or section 6229, but only with respect to a deficiency described in section

6230(a)(2)(A)) on the making of assessments or the collection by levy or a proceeding in court ... shall ... be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (*and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.*

Because no distinction is drawn between the ordinary three year limitations period contained in Section 6501(a) and a limitations period extended by agreement pursuant to Section 6501(c)(4), the Government contends that Section 6503(a) suspends an extended limitations period as well as the initial three year period. The Government's implicit position is that Form 872–A operated to extend the limitations period until the time that a Notice of Deficiency was mailed to the Lansburghs; at that point, Section 6503 operated to *suspend* the extended limitations period, since the prohibition against assessment then arose. Furthermore, because the alleged deficiency became the subject of a Tax Court redetermination, the limitations period would have remained suspended, under the second parenthetical clause in Section 6503(a), until sixty days after the decision of the Tax Court became final.

The first parenthetical clause in Section 6503(a) demonstrates that Congress has carefully identified the specific limitations periods which are to be suspended by Section 6503. The Government's assertion that Section 6503's suspension of the limitations period in "section 6501" includes all limitations periods provided in that section—ordinary as well as extended—is a plausible as well as a logical reading of the statute. The taxpayer argues that it is illogical to read Section 6503(a) as suspending a limitations period which has been extended indefinitely, as is the case with a current Form 872–A extension. This argument is not compelling, particularly in light of the taxpayer's concession that a limitations period extended by agreement to a definite date could be suspended by Section

6503(a). In the view of the Court, the suspension of a statute of limitations is the quite logical result of Section 6503(a), even where the termination date of the limitations period is not immediately calculable due to the terms of the extension agreement. To ensure that the Government retains the ability to assess a tax deficiency, it is only required that either a suspension *or* an extension be in effect at every point in time following the expiration of the statutory limitations period.

■ It appears from the plain language of Section 6503 that the Government's position is correct, and that despite the misleading language of Form 872–A, the limitations period was suspended by operation of law until 60 days after the decision of the Tax Court became final, or 150 days after entry of the stipulated decision. Relevant case law also supports this position.

In *Meridian Wood Products Co. v. United States,* 725 F.2d 1183 (9th Cir.1984), the Ninth Circuit concluded without hesitation that a contractually extended limitations period, authorized by Section 6501(c)(4), is a limitations period within the meaning of Section 6501. The Court therefore concluded that Section 6503(a) operates to suspend such an extended limitations period as well as the "normal" limitations period contained in Section 6501(a). 725 F.2d at 1188. The extension agreement in dispute in *Meridian Wood Products* had terms similar to the one before the Court today, providing that the limitations period was to expire "on or before October 15, 1979, except that if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax shall be further extended for the period in which the assessment is prohibited, and for 60 days thereafter." The *Meridian Wood Products* Court recognized that Section 6503(a) suspends an extended limitations period by operation of law, and gave effect to that suspension regardless of ambiguities in the contractual extension agreed to by the taxpayers, which might have been read to provide for an earlier termination date.

Similarly, in *Ramirez v. United States,* 538 F.2d 888, 210 Ct.Cl. 537 (1976), an extension agreement providing for expiration of the limitations period on a certain date, coupled with an extension date 60 days beyond any period of prohibition against assessment in the event that a notice of deficiency was issued, was held subject to Section 6503(a). The Court of Claims held that under the circumstances created by the agreement, Section 6503(a) acted to suspend the contractual period of limitations on its own.

The logical reading of Section 6503(a), and the interpretation of the cited decisions, is that any extension agreement which gives rise to a prohibition against assessment is subject to Section 6503(a). Whenever the taxpayer and the IRS extend the limitations period for assessment to a point in time triggered by the sending of a notice of deficiency, the Government has the benefit of the suspension contained in Section 6503(a), and if a notice of deficiency is in fact sent, thereby triggering a period of prohibition against assessment, the taxpayer cannot rely on any contrary clause in the extension agreement to eviscerate Section 6503(a)'s protection. Moreover, if the taxpayer files for a redetermination of deficiency in the Tax Court, the second parenthetical provision of Section 6503(a) operates to further suspend the limitations period until 60 days after the decision of the Tax Court becomes final. Although the *Meridian Wood Products* and *Ramirez* courts applied Section 6503(a) to prohibition periods triggered by the mailing of a notice of deficiency itself, rather than the pendency of a non-final decision of the Tax Court, this Court sees no basis for distinguishing the second parenthetical phrase of Section 6503(a), and finds that it too must be applied in situations where it was naturally intended to have force.

■ Nor is an equitable estoppel or waiver argument available against the Government. Binding precedent in this Circuit establishes that neither estoppel nor waiver may be asserted against the United States when it acts in its sovereign capacity, *United States v. Context–Marks Corp.,* 729 F.2d 1294, 1297 n. 4 (11th Cir.1984); *Hicks v. Harris,* 606 F.2d 65, 68–69 (5th Cir.1979). The Court does not condone the misleading nature of Form 872–A, which purports to place authority in the hands of the taxpayer to terminate the limitations period when in fact he is powerless to do so, at least under certain circumstances. Nevertheless, the law places the risk on one entering into an arrangement with the Government of determining whether the Government agent with whom he deals stays within the bounds of his authority. *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). The last word in the chain of authority rests with an applicable Act of Congress, which remains effective against conduct which would otherwise amount to estoppel or waiver.

The Eleventh Circuit has not yet decided whether to adopt the affirmative misconduct exception to the general refusal to estop the Government in its sovereign activities. *Lyden v. Howerton,* 783 F.2d 1554 (11th Cir.1986). Nevertheless, the facts of this case do not reveal such egregious misconduct on the part of the Government as to call into serious question the applicability of such a defense, even were it assumed to exist. *Cf. Deltona Corp. v. Alexander,* 682 F.2d 888, 892 & n. 6 (11th Cir.1982). In this regard, it is relevant that Form 872–A explicitly provides that "This agreement will not reduce the period of time otherwise provided by law for making such assessment."

Thus, the limitations period in this case did not expire until 60 days after the stipulated decision of the Tax Court became final, which, under the *Security Industrial Insurance Co.* and *Becker Brothers* cases cited *supra,* was 90 days after the entry of the decision, despite the taxpayer's waiver of the period against prohibition. The assessment, being well within 150 days of the entry of the Tax Court decision, was therefore timely.

Thereupon it is ORDERED AND ADJUDGED that summary final judgment is hereby GRANTED for the United States on its motion for summary judgment, and

that the plaintiff's motion for summary judgment is DENIED. The plaintiff shall take nothing in this action, and the Government is entitled to retain all monies already received. Each side shall bear its own costs.