105 T.C. No. 23


UNITED STATES TAX COURT


WALTER R. RIPLEY, DONEE-TRANSFEREE OF MILDRED M. RIPLEY, DONOR,
AND LYNDA H. RIPLEY, DONEE-TRANSFEREE OF MILDRED M. RIPLEY, DONOR,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26209-93.                    Filed November 8, 1995.


In 1983 the donor made gifts of parcels of real
estate valued at $93,300 to Ps, husband and wife, as
tenants in common. During the same year the donor made
gifts of other parcels of real estate to a different
donee. Controversy arose between the donor and R as to
the valuation of the gifts to the other donee. As a
result of the donor's timely consents, the 3-year
period of limitations for assessment, sec. 6501(a),
I.R.C., was extended to Apr. 18, 1990. On Feb. 9,
1990--68 days prior to expiration of the extended
period--R sent the donor a notice of gift tax
deficiency. On Feb. 25, 1992, a stipulated decision
was entered by this Court based upon a computation that
left intact the $93,300 valuation of the gifts to Ps
but significantly increased the value of the gifts to

the other donee, resulting in a gift tax deficiency substantially in excess of $93,300.

1. _Held_, (a) since, pursuant to sec. 6503(a)(1), I.R.C., the limitations period for assessment (as extended) against the donor was suspended upon the issuance of the notice of deficiency until the decision of this Court became final and for 60 days thereafter, and (b) since, pursuant to secs. 7481(a)(1) and 7483, I.R.C., the decision became final upon the expiration of the 90-day period without the filing of an appeal, even though a stipulated decision, (c) the period of limitations for assessment against the donor was therefore extended 90 days plus 60 days, a total of 150 days, notwithstanding the donor's waiver of the sec. 6213(a), I.R.C., restrictions on assessment. (d) Moreover, the 68 days that the period for assessment was suspended by the issuance of the notice of deficiency must be "tacked on" to the 150 days--a total of 218 days from Feb. 28, 1992, or until Oct. 1, 1992. (e) Accordingly, since, pursuant to sec. 6901(c), I.R.C., the period for assessment against the initial transferee extends for 1 year the period of limitations for assessment against the transferor, the period of assessment against Ps extended to Oct. 1, 1993. The notices of transferee liability to Ps, issued on Sept. 17, 1993, were therefore timely.

2. _Held further_, the gift tax lien imposed by sec. 6324(b), I.R.C., is not an encumbrance which reduces the value of the gifts in Ps' hands, for which they are liable as transferees.

_G. Nelson Mackey, Jr._, for petitioners.

_Scott Anderson_, for respondent.

OPINION

RAUM, _Judge_: Respondent issued notices of donee/transferee liability to petitioners, each in the amount of $93,300. At issue is: (1) Whether the period of limitations for assessment

of transferee liability prescribed by section 6901(c)(1)[1]
expired, and (2) the amount of petitioners' transferee liability
under section 6324(b).

The liability at issue results from gifts made by Mildred M.
Ripley (donor) in 1983 to her son, petitioner Walter R. Ripley
and petitioner Melynda H. Ripley, Walter's wife.  At the time the
joint petition in this case was filed, petitioners resided in
Greenville, Virginia.

On December 30, 1983, the donor made a gift to petitioners,
as tenants in common, of two parcels of real estate located in
Jacksonville, Florida, which then had a total value of $93,300.
Petitioners thus became transferees of the donor, as defined in
section 6901(h).  That same year, the donor made another gift of
real property to her son Joseph.

On her gift tax return for 1983, filed in 1984, she reported
the value of the property given to petitioners as $93,300, and
the value of the property given to Joseph as $84,139.  On
examination, the IRS took the position that the value of the
property given to Joseph should be substantially increased.

Within the 3-year limitations period prescribed by section
6501(a), the donor and respondent signed a Form 872, Consent to
Extend the Time to Assess Tax.  Subsequent timely consent

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at the time of the donor's
gifts.

agreements further extended the assessment period until April 18, 1990. The donor and the IRS were unable to resolve their differences, and on February 9, 1990--68 days prior to the April 18, 1990 expiration of the extended assessment period--respondent sent the donor a notice of gift tax deficiency in the amount of $467,183. She timely filed a petition with this Court, and the case was placed on the Court's docket. On February 25, 1992, a stipulated decision was entered settling the donor's liability at $239,124. The $93,300 value of the property transferred to petitioners was not changed by this decision. Pursuant to the decision, the donor waived the restrictions of section 6213(a), which prohibits assessment and collection of the deficiency until the decision of the Tax Court becomes final. (More hereinafter about when the decision becomes "final".)

The Commissioner assessed the additional gift tax against the donor on April 7, 1992. On September 17, 1993, a notice of donee/transferee liability was issued to each petitioner for $93,300 of the donor's unpaid gift taxes.[2]

---

[2] The IRS also attempted to collect the gift taxes from Joseph Ripley. On Sept. 2, 1993, the IRS mailed Joseph, as a donee of Mildred Ripley, a notice of intention to levy listing tax and interest due in the amount of $654,973.04. On Sept. 17, 1993, the Commissioner mailed to Joseph a notice of transferee liability for the donor's unpaid gift tax in the amount of $651,047.40. The IRS attempted to enforce its lien by serving Joseph with notices of levy and notices of seizure for two parcels of real estate in Florida on Dec. 17, 1993. Joseph moved to restrain assessment and collection until his petition for redetermination was heard. In Ripley v. Commissioner, 102 T.C.

(continued...)

1.   Timeliness of Notices of Donee/Transferee Liability

Petitioners argue that the Commissioner issued the notices of donee/transferee liability after the limitations period expired.  We hold that the notices were timely.

Section 6901(a)(1)(A)(iii) provides that the liability of a transferee of property shall be assessed and collected in the same manner and subject to the same limitations as the liability of the donor.  In accordance with section 6901(c), the period of limitations for assessment against an initial transferee "shall be * * * within 1 year after the expiration of the period of limitation for assessment against the transferor".  And section 6901(h) defines "transferee" as including a donee.  Moreover, petitioners have already stipulated that they are transferees. Therefore, the period of limitations for assessment applicable to petitioners expired 1 year after the expiration of the donor's limitations period.  In order to decide whether an assessment

---

[2](...continued)
654 (1994), this Court denied Joseph's motion and held that IRS collection efforts pursuant to sec. 6324(b) are not otherwise subject to the normal deficiency procedures set forth in secs. 6211 through 6216.

Joseph's petition for redetermination is currently set for trial in Richmond, Virginia, on Jan. 22, 1996.  Of course, if Joseph is found to be liable as a donee/transferee, and if he pays the amount so determined, petitioners herein might be relieved of liability of all or at least a portion of the $93,300 for which we have found them liable, depending upon how much Joseph pays.

Also, we do not express any view as to the rights of petitioners and Joseph inter sese.

against petitioners was barred by limitations, we must first determine when the donor's period of limitations expired.

Section 6501(a) provides generally that assessments of tax must be made within 3 years after the taxpayer files a return. Pursuant to section 6501(c)(4), this 3-year period may be extended by the consent in writing of the Secretary and the taxpayer, and the expiration period thus extended may be further extended by subsequent timely agreements in writing.  In this case, the donor and the Commissioner entered into valid successive consent agreements (Forms 872) extending the assessment period to April 18, 1990.

However, section 6503(a)(1) <u>suspends</u> the 3-year section 6501(a) limitations period (as extended) upon the issuance of a statutory notice of deficiency.  Section 6503(a)(1) provides in pertinent part:

> The running of the period of limitations provided in section 6501 * * * shall (after the mailing of the notice under section 6212(a)) be <u>suspended</u> for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, <u>until the decision of the Tax Court becomes final), and for 60 days thereafter</u>.  [Emphasis added.]

As provided by section 7481(a)(1),[3] a decision of the Tax Court becomes "final" when the period for appeal expires without the filing of an appeal. And, pursuant to section 7483, the period for appeal ends 90 days after a decision is entered in the Tax Court. Moreover, it has been uniformly held in a number of cases where the issue has been analyzed that the 90-day period is applicable even in the case of a stipulated decision. Pesko v. United States, 918 F.2d 1581 (Fed. Cir. 1990); Sherry Frontenac, Inc. v. United States, 868 F.2d 420 (11th Cir. 1989); Security Indus. Ins. Co. v. United States, 830 F.2d 581 (5th Cir. 1987); Lansburgh v. United States, 699 F. Supp. 279 (S.D. Fla. 1988); Becker Bros., Inc. v. United States, 61 AFTR 2d 88-1147, 88-1 USTC par. 9262 (C.D. Ill. 1988).

Accordingly, since the decision in the donor's case was entered February 25, 1992, it became final 90 days thereafter. And, pursuant to section 6503(a)(1), the running of the section 6501 period of limitations was further suspended for that 90 days plus 60 days after the 90 days, or a total of 150 days from February 25, 1992, the day that the stipulated decision was

---

[3] Sec. 7481(a)(1) provides:

    (a)  Reviewable Decisions.--Except as provided in subsections (b), (c), and (d), the decision of the Tax Court shall become final--

        (1)  Timely notice of appeal not filed.--Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time; * * *

entered. Also, at the time of the issuance of the deficiency notice (February 9, 1990), there remained unexpired 68 days of the section 6501 period of limitations, which had been extended to April 18, 1990. That remaining period of 68 days was suspended by the issuance of the deficiency notice, and should therefore be further added to the 150-day suspension provided by section 6503(a)(1), for a total of 218 days. Such addition of the unexpired 68 days to the period of suspension is firmly supported by established law. It has long been held that it is appropriate to add or "tack on" the days remaining when the limitations period was interrupted or suspended by the issuance of a deficiency notice. McClamma v. Commissioner, 76 T.C. 754, 758 (1981); see also Bales v. Commissioner, 22 T.C. 355, 359 (1954) (quoting Olds & Whipple v. United States, 86 Ct. Cl. 705, 22 F. Supp. 809, 819 (1938) (interpreting section 277(b) of the 1926 Revenue Act, the predecessor of section 6503(a)(1): "We think the language of the statute is not reasonably susceptible to any other construction. It plainly states that the running of the statute of limitation shall be suspended and this can only mean that when the period of suspension ceases the limitation period again commences to run.")).

With the addition of the 68 days to the 150 days, the limitations period for assessment against the donor expired no earlier than October 1, 1992. Since, pursuant to section 6901(c), the limitations period for assessment of the transferees

extended for 1 year after that date, the period for assessment of petitioners as transferees expired no earlier than 1 year after October 1, 1992, namely, October 1, 1993. Because the Commissioner issued the notices of transferee liability on September 17, 1993, the limitations period against petitioners had not expired, and the notices were timely.

Petitioners argue that the limitations period for assessment against the donor ended on the date the assessment was made, April 7, 1992. Petitioners focus on the donor's waiver of the section 6213(a) restrictions on assessment. They contend that the waiver put an end to the suspension of the period of limitations.

This argument has been considered and rejected by other courts. In Sherry Frontenac, Inc. v. United States, 868 F.2d 420 (11th Cir. 1989), the taxpayers asserted that their waiver of the prohibition against assessment pursuant to section 6213(a) removed the 90-day appeal period provided in sections 7481(a) and 7483. Id. at 423. In an opinion with which we agree, the Eleventh Circuit held that the waiver under section 6213(a) did not have any effect upon the date when the orders became final under sections 7481(a) and 7483. Id. The U.S. Claims Court followed this decision in Pesko v. United States, 19 Cl. Ct. 687, 689 (1990) ("the waiver had no impact on the availability to the IRS of the entire 150-day tolling period"), affd. 918 F.2d 1581 (Fed. Cir. 1990). We follow Pesko and Sherry Frontenac.

Petitioners rely upon Elizalde v. Commissioner, T.C. Memo. 1984-243, a case that is distinguishable. In the first place, the transferee prevailed there on the ground that she was not liable as a transferee wholly apart from any issue relating to limitations. Second, even in respect of limitations the Court's analysis of the problem did not take into account what we regard as the controlling final parenthetical "in any event" clause in section 6503(a)(1), posing a serious question whether the point was ever properly presented to the Court by the parties. Moreover, the Court ultimately held that the period of limitations had not expired, and it was therefore not necessary in that case to consider whether the period of limitations was extended for 90 days after the entry of the stipulated decision prior to the addition of the 60 days, as we have done here--a matter that is of critical significance in this case. Finally, Elizalde was distinguished in a well-reasoned opinion by Judge Friedman of the Federal Circuit in Pesko v. United States, 918 F.2d at 1583-1584. We do not find it necessary to comment further on Elizalde.

Petitioners make other arguments concerning the expiration date of the limitations period. They focus on the consent agreement, which provides in pertinent part:

> (1) The amount of any Federal Gift (Form 709) tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1983 may be assessed at any time on or before April 18, 1990. However, if a notice of deficiency in tax for

any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax shall be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. * * *

Petitioners argue first that the expiration date under paragraph (1) is April 26, 1992. Starting from the February 25, 1992, stipulated decision, they add 60 days from the last sentence of paragraph (1). They contend that the donor's waiver of the prohibition against assessment under section 6213(a) terminated the suspension of the limitations period. The addition of this 60 days brings the last day of the limitations period to April 26, 1992. With the addition of the 68-day tacking period, the last day of the limitations period is brought to July 4, 1992.

Paragraph (2), however, provides that the limitations period expired on the earlier of the paragraph (1) expiration date, July 4, 1992, as figured above, or "the assessment date * * * that reflects the final determination of tax and the final administrative appeals consideration." Petitioners reason that the latter date is April 7, 1992, the date the IRS made the assessment based on the stipulated decision entered by this Court. Because the earlier of July 4, 1992, and April 7, 1992, is April 7, 1992, petitioners argue that the limitations period for assessment against the donor expired on April 7, 1992, and that the 1-year extension of the limitations period against

transferees expired on April 7, 1993. Sec. 6901(c)(1). Since the notices of donee/transferee liability were not issued to petitioners until September 17, 1993, petitioners contend that the notices were untimely.

Respondent argues, and we have held above, that the decision of the Tax Court does not become final until the appeal period in sections 7481(a) and 7483 has expired, even when the decision is a stipulated one. Petitioners respond that the "final determination of tax" language does not depend on the finality of the Tax Court decision. Form 872 is designed to ensure assessment of tax. Once the Commissioner made the assessment, they argue, regardless of the status of the case under sections 7481(a) and 7483, there was no longer any need to extend the time to assess, and therefore the limitations period in the agreement would logically end upon assessment.

Although petitioners' position appears superficially to be sound, a closer examination of the problem leads to the opposite conclusion. A nearly identical argument was presented and rejected in a carefully reasoned opinion in Lansburgh v. United States, 699 F. Supp. 279 (S.D. Fla. 1988). There, the taxpayers had entered into a consent agreement with the IRS, Form 872-A, Special Consent to Extend the Time to Assess Tax. Id. at 281. The parties reached a settlement, and a stipulated decision was entered by this Court. Id. The Court held that section 6503(a) made the assessment timely because section 6503(a) applied to all

the limitations periods under section 6501, including those
extended by agreement pursuant to section 6501(c)(4), stating (at
283):

> any extension agreement which gives rise to a
> prohibition against assessment is subject to Section
> 6503(a).  Whenever the taxpayer and the IRS extend the
> limitations period for assessment to a point in time
> triggered by the sending of a notice of deficiency, the
> Government has the benefit of the suspension contained
> in Section 6503(a), and <u>if a notice of deficiency is in
> fact sent</u>, thereby triggering a period of prohibition
> against assessment, <u>the taxpayer cannot rely on any
> contrary clause in the extension agreement to
> eviscerate Section 6503(a)'s protection</u>.  Moreover, if
> the taxpayer files for a redetermination of deficiency
> in the Tax Court, <u>the second parenthetical provision of
> Section 6503(a)</u> operates to further suspend the
> limitations period until 60 days after the decision of
> the Tax Court becomes final.  * * * [Emphasis added.]

The same result had been reached in an alternative holding
in <u>Ramirez v. United States</u>, 210 Ct. Cl. 537, 538 F.2d 888, 893
(1976), where the Court stated:

> Since the agreement entered into between the parties
> was clearly done under authority of section 6501(c)(4),
> the extended contractual period of limitation was as
> much a "period of limitations provided for in section
> 6501" as was the otherwise controlling general 3-year
> period provided for in section 6501(a).  Consequently,
> upon the mailing of the notice of deficiency by the
> government, section 6503(a)(1), on its own suspended
> the extended contractual period of limitation for the
> same 150 days and, without the aid of the automatic
> extension proviso in the agreement, the assessment
> would have been timely in any case.  [Fn. ref.
> omitted.]

We agree with the analysis in <u>Ramirez</u> and <u>Lansburgh</u> and
reach the same result here.  Although the consent agreement would
apparently on its face result in the expiration of the assessment

period on April 7, 1992, we find that the Form 872 executed in this case is an extension agreement as described in section 6501(c)(4). As such, the agreement is independently subject to the application of section 6503(a)(1), which suspends the running of the limitations period "until the decision of the Tax Court becomes final and for 60 days thereafter." As described in detail above, the limitations period of the donor would expire no earlier than October 1, 1992. According to section 6901(c)(1), the 1-year extension for assessment against a transferee would expire no earlier than October 1, 1993. Because the notice of donee/transferee liability to each petitioner was issued on September 17, 1993, each notice was timely.

## 2. The Amount of Petitioners' Transferee Liability

Having concluded that the Commissioner's assessment is not barred by the statute of limitations, we turn to the amount owed by petitioners. The donor entered into a stipulated decision which found a deficiency in gift tax for 1983 in the amount of $239,124. Section 6324(b), however, limits the liability of a donee to the value of the gift received. The Commissioner accordingly issued to each petitioner a notice of donee/transferee liability in the amount of $93,300.[4] Petitioners argue that their liability should be reduced by the amount of gift tax they now will be required to pay.

---

[4] There is no dispute between the parties that the value of the property transferred to petitioners was $93,300.

The language of section 6324(b) is relatively straightforward. It establishes personal liability on the part of the donee for unpaid gift tax, but limits that liability to the value of the gift received.

Petitioners contend that their subsequent liability for unpaid gift tax results in an encumbrance on the property transferred. They go on to argue that such an encumbrance should be taken into account to reduce the value of the gift received. We do not agree.

While it is well established that an encumbrance on the property transferred, such as a mortgage, will be taken into account when valuing the property, that is not the situation here. In the case of a mortgage, the gift in substance is the gift of the equity in the property. However, in this case there was no encumbrance on the property when it was transferred. Petitioners were subject to no liability until the donor failed to pay the gift tax rightfully owed.

True, section 6324(b) places a lien on the transferred property unless the gift tax is paid, but that lien is not an encumbrance that reduces the value of the gift. The value of the gift is measured by the fair market value of the property transferred. Sec. 2512. Fair market value is the price at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both knowing the relevant facts. Sec. 25.2512-1, Gift Tax Regs.

And section 6324(b) specifically provides that "Any part of * * * the gift transferred by the donee * * * to a purchaser * * * shall be divested of the lien imposed by this subsection".  The purchaser takes title free and clear of the lien.  Thus, the gift tax lien would not be likely to affect the amount a buyer would be willing to pay for the property in light of the unambiguously explicit language of the statute just quoted above.  The liability of the donee is unlike an encumbrance such as a mortgage.  A mortgage attaches to the property at the time of transfer, thereby reducing its value, and is properly taken into account when valuing the gift.  Donee liability, in contrast, does not reduce the value of the property when given, and should not be taken into account when valuing the gift.

We also note that the gift tax is a tax on the donor's making of a gift, and is "'measured by the value of the property passing from the donor'." Robinette v. Helvering, 318 U.S. 184, 186 (1943) (quoting Treasury Reg. 79, art. 3).  The value of the gift is its value in the hands of the donor, not the donee. Goodman v. Commissioner, 156 F.2d 218, 219 (2d Cir. 1946), affg. 4 T.C. 191 (1944); Rohmer v. Commissioner, 21 T.C. 1099, 1105 (1954).  Thus, that value is not "necessarily determined by the measure of enrichment resulting to the donee from the transfer". Sec. 25.2511-2(a), Gift Tax Regs.  Petitioners cannot use their subsequent liability for unpaid gift tax to reduce the value of the gift.  See Rohmer v. Commissioner, supra at 1106 (withholding

payments to be paid from gift proceeds do not reduce value of gift); Rev. Rul. 81-230, 1981-2 C.B. 186 (value of gift not reduced for additional tax that could subsequently be imposed under section 2032A(c)).

This Court has previously addressed this argument. In <u>Gray v. Commissioner</u>, a Memorandum Opinion of this Court dated June 7, 1944, 3 T.C.M. (CCH) 552, 555, 44 P-H Memo T.C. par. 44,203 at 646, it was stated:

> In the instant proceeding, however, the property transferred by the donor was not subject, at the time of transfer, to any lien, mortgage or pledge. The statute (section 510 Revenue Act of 1932) makes the donee "personally liable for such [gift] tax to the extent of the value of such gift." It contains no provision authorizing a reduction on account of any lien resulting from the gift. The obvious intent of the legislation, especially the transferee provisions of the statute (Sec. 526 Revenue Act of 1932), is to protect the revenue by providing, in effect, that one who receives property by gift may, if necessary, be required to pay all of it (but no more) over to the fiscus. If the construction urged upon us by the petitioners should be adopted it is obvious that many situations could arise where a donee would be permitted to retain a portion of the gift even though the tax, or a substantial portion of it, be unpaid. * * *

See also <u>Moore v. Commissioner</u>, 146 F.2d 824, 826 (2d Cir. 1945), affg. 1 T.C. 14 (1942); <u>Pitcairn v. Commissioner</u>, a Memorandum Opinion of this Court dated May 22, 1944, 3 T.C.M. (CCH) 584, 489-90, 44 P.H. Memo T.C. par. 44,185 at 585-86. We reach the same conclusion here.

Petitioners argue that the situation before us is similar to, and should be treated as, a "net gift" transaction. Where a

"net gift" is made, the donor and donee agree that the donee will bear the burden of the gift tax.  The value of the property transferred is reduced by the amount of the gift tax paid by the donee, resulting in the net amount transferred by gift, or the "net gift".  The IRS has provided an algebraic formula for determining the amount of gift tax owed on a "net gift" in Rev. Rul. 75-72, 1975-1 C.B. 310.  It is important to keep in mind that once the "net gift" is calculated, the full amount of the gift tax is paid on that "net gift".

When a "net gift" is made, a portion of the property is transferred by gift and the remaining portion is transferred by sale.  The Supreme Court in Diedrich v. Commissioner, 457 U.S. 191 (1982), held that the donor realizes taxable income to the extent that the amount of the gift tax assumed by the donee exceeds the donor's basis in the property.  Thus, the donee's payment of the gift tax is the consideration for the amount transferred by sale, and the balance is transferred by gift.  In the present case, however, there was no sale of a portion of the property to the donees.  This case does not involve a net gift, and the amount of the gift is the total value of the property transferred.

Petitioners' reliance on the "net gift" concept and Rev. Rul. 75-72, supra, shows a misunderstanding of the nature of their liability.  Petitioners here are not liable for the tax stemming from the transfer of property to them as the donee,

pursuant to an arrangement with the donor, would be in a "net gift" transaction. Petitioners are liable as transferees for the amount of <u>property</u> they received by gift because the donor did not satisfy her primary obligation for the gift tax owed.

Had a "net gift" been made, petitioners would have paid the resulting gift tax and the amount of the gift would have been reduced accordingly. However, if the donor had not paid the full amount of gift tax owed for that period, petitioners still would remain liable as transferees up to the full amount of the gift pursuant to section 6324(b). See <u>LaFortane v. Commissioner</u>, 29 T.C. 479, 489 (1957), affd. 263 F.2d 186, 194 (10th Cir. 1958). The end result is that petitioners could be required to pay the full value of the <u>property</u> received. A portion would be paid as tax (the gift tax paid for the donor as consideration for the "net gift"), and a portion would be paid to satisfy their transferee liability, up to the full value of the <u>gift</u> received.

What petitioners argue for here is a result better than what they could receive had a net gift been made. In essence, what petitioners argue is that any amount they now are required to pay should "purchase" a portion of the property they received, ultimately leaving them liable for less than the full value of what was transferred to them. Rev. Rul. 75-72, <u>supra</u>, provides no support for such an argument. Petitioners' liability herein is their personal liability to the Government, measured by what

they received.  What they pay is not consideration for what they received as in the case of a net gift.

Petitioners' theory would allow them to keep a portion of the property received from the donor at the expense of the Treasury.  Such a result is contrary to section 6324(b).  See Moore v. Commissioner, supra.  Petitioners are liable for the full value of the property transferred, without any reduction.

Decision will be entered

for respondent.