**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WALTER R. RIPLEY, Donee-
Transferee of Mildred M. Ripley,
Donor; MELYNDA H. RIPLEY, Donee-
Transferee of Mildred M. Ripley,
Donor,

    Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

No. 96-1173

Appeal from the United States Tax Court.
(Tax Ct. No. 93-26209)

Argued: October 31, 1996

Decided: December 18, 1996

Before RUSSELL, ERVIN, and WILKINS, Circuit Judges.

_____

Reversed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Russell and Judge Ervin joined.

_____

**COUNSEL**

**ARGUED:** G. Nelson Mackey, Jr., BRUMBERG, MACKEY &
WALL, P.L.C., Roanoke, Virginia, for Appellants. David English
Carmack, Tax Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Rhona
Levine, BRUMBERG, MACKEY & WALL, P.L.C., Roanoke, Vir-

ginia, for Appellants. Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Regina S. Moriarty, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Walter R. and Melynda H. Ripley (the Ripleys) appeal a decision of the tax court holding them responsible for gift tax in the amount of $93,300 pursuant to 26 U.S.C.A. § 6901(a)(1)(A)(iii) (West 1989). See Ripley v. Commissioner, 105 T.C. 358 (1995). The sole issue on appeal is whether the Internal Revenue Service (the IRS or the Service) timely notified the Ripleys of their liability for the tax. See 26 U.S.C.A. § 6901(c) (West 1989). For the reasons set forth below, we hold that the notification was not timely and accordingly reverse.

I.

In 1983, Mrs. Mildred M. Ripley, Walter Ripley's mother, gave the Ripleys real property valued at $93,300. That same year, Mrs. Ripley also made a gift of property that she valued at $84,139 to her son Joseph. Mrs. Ripley filed an appropriate gift tax return based on these values and paid the applicable tax prior to the due date of the return in April 1984. Thereafter, the IRS concluded that the parcel of property given to Joseph actually was worth significantly more than the value reported by Mrs. Ripley.

Prior to the expiration of the three-year limitations period for assessment of additional gift tax liability against Mrs. Ripley, see 26 U.S.C.A. § 6501(a) (West Supp. 1996), on October 22, 1986, the IRS and Mrs. Ripley entered an agreement, reduced to writing on a Form 872, extending the time in which the IRS could assess the tax, see 26 U.S.C.A. § 6501(c)(4) (West Supp. 1996). Form 872 is a document developed by the IRS to solicit a taxpayer's agreement to extend the time in which the Service may assess a tax.**1** The language of the applicable Form 872 provided:

_____

**1** A taxpayer may conclude that it is in his or her best interest to extend the time period to permit the IRS to conduct further investigation rather than to risk that the Service will assess a tax that is too high based on a hurried investigation.

2

(1) The amount of any Federal Gift . . . tax due on any return(s) made by or for [Mildred Ripley] for the period(s) ended December 31, 1983 may be assessed at any time on or before April 18, 1990. However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration.

J.A. 40. On February 9, 1990, with 68 days remaining in the limitations period for assessing the tax as extended by Form 872, the Commissioner of Internal Revenue mailed Mrs. Ripley a notice of deficiency for $467,183. Thereafter, Mrs. Ripley filed an action in the tax court challenging the amount of the deficiency.

Negotiations between Mrs. Ripley and the Service resulted in an agreement pursuant to which the tax court would enter a stipulated decision establishing Mrs. Ripley's tax liability at $239,124. The agreement further provided that Mrs. Ripley would waive any further review of the tax court decision and any restrictions on immediate assessment of the tax imposed on the Service by 26 U.S.C.A. § 6213(a) (West Supp. 1996). The tax court entered the stipulated decision pursuant to this agreement on February 25, 1992, and the Commissioner assessed the additional tax against Mrs. Ripley on April 7, 1992.

Although the record is not clear, it appears that Mrs. Ripley failed to pay the assessed tax. Accordingly, on September 17, 1993, the IRS notified the Ripleys that they were liable for $93,300 in tax, plus interest, as donees[2] of Mrs. Ripley's 1983 gift. The Ripleys petitioned

_____

[2] Transferees and donees like the Ripleys are liable for unpaid gift tax of their donors to the extent of the value of the gift. See 26 U.S.C.A. § 6324(b) (West 1989); Poinier v. Commissioner, 858 F.2d 917, 920 (3d Cir. 1988), cert. denied, 490 U.S. 1019 (1989).

the tax court, contending that the one-year period of limitations for assessment of transferee liability prescribed in 26 U.S.C.A. § 6901(c)(1) had expired. The tax court, however, ruled that the notices of transferee liability were timely and that the Ripleys were liable for the tax. The Ripleys now appeal that decision.[3]

II.

The limitations period within which the IRS may proceed against a transferee or donee of a gift for unpaid gift tax is established in 26 U.S.C.A. § 6901(c), which provides:

> (c) <u>Period of Limitations.</u>--The period of limitations for assessment of any such liability of a transferee or a fiduciary shall be as follows:

> (1) <u>Initial transferee.</u>--In the case of the liability of an initial transferee, within 1 year after the expiration of the period of limitation for assessment against the transferor.

The parties agree that the notices of transferee liability were mailed to the Ripleys on September 17, 1993 and that, accordingly, if the period of limitations for assessing gift tax against Mrs. Ripley ended more than one year prior to that date, the notices of transferee liability were not timely. Consequently, the dispositive issue presented is when the limitations period for assessing the gift tax against Mrs. Ripley ended.

Generally, the IRS is required to assess tax liability within three years of the date on which the return to which the tax is related was filed. 26 U.S.C.A. § 6501(a). However, the Service and a taxpayer may extend the otherwise applicable limitations period by entering a

_____

**3** This court reviews the decision of the tax court applying the same standards of review as it would to a district court sitting nonjury in a civil trial. <u>Estate of Waters v. Commissioner</u>, 48 F.3d 838, 841 (4th Cir. 1995); 26 U.S.C.A. § 7482(a)(1) (West Supp. 1996). Therefore, questions of law are reviewed de novo and findings of fact are reviewed for clear error. <u>Estate of Waters</u>, 48 F.3d at 842.

4

written agreement prior to expiration of the period. 26 U.S.C.A. § 6501(c)(4). Prior to assessing tax, the Service must notify the taxpayer of the amount of the deficiency it has determined. See 26 U.S.C.A. §§ 6212, 6213 (West 1989 & Supp. 1996). The notice of deficiency serves as a jurisdictional gateway permitting the taxpayer to petition the tax court for review of the deficiency within 90 days of the notification. See Abrams v. Commissioner, 787 F.2d 939, 941 (4th Cir.), cert. denied, 479 U.S. 882 (1986); Robinson v. United States, 920 F.2d 1157, 1158 (3d Cir. 1990). In addition, the issuance of a notice of deficiency suspends the limitations period for assessment of the tax against the taxpayer during the 90-day period. 26 U.S.C.A. § 6503(a)(1) (West Supp. 1996).[4] And, the IRS is prohibited from assessing tax against the taxpayer during this 90-day period as well. 26 U.S.C.A. § 6213(a). If the taxpayer petitions for review before the tax court within the 90 days, the limitations period and prohibition on assessment is further suspended until the tax court decision becomes final, and for 60 days thereafter. 26 U.S.C.A. § 6503(a)(1). The decision of the tax court becomes final "[u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." 26 U.S.C.A. § 7481(a)(1) (West 1989). A notice of appeal must be filed within 90 days of the date the decision of the tax court is entered. 26 U.S.C.A. § 7483 (West 1989).

Utilizing this statutory scheme, the tax court calculated that the time period for assessing gift tax against Mrs. Ripley did not end until October 1, 1992: Mrs. Ripley extended the limitations period for assessment of the gift tax until April 18, 1990, and prior to that date, on February 9, 1990, the Service mailed a notice of deficiency, suspending the limitations period for 90 days. Because Mrs. Ripley filed

_____

[4] Section 6503(a)(1) provides:

> (1) General Rule.--The running of the period of limitations provided in section 6501 or 6502 . . . on the making of assessments . . . shall (after the mailing of a notice[of deficiency] under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment . . . (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

5

a petition of review in the tax court within this 90-day period, the limitations period was suspended further until the decision of the tax court became final--90 days after the February 25, 1992 decision of the tax court since Mrs. Ripley did not seek review of the tax court decision--and for an additional 60 days, until July 24, 1992. Further, because 68 days remained in the extended limitations period after the notice of deficiency was sent, the limitations period for assessment did not end, according to the tax court, until 68 days after July 24, 1992, or until October 1, 1992. See, e.g., United States v. Hans, 921 F.2d 81, 82 (6th Cir. 1990) (noting that the number of days remaining in the limitations period when IRS issues a notice of deficiency remain after the § 6503(a)(1) suspension ceases). Because the IRS mailed the notifications of transferee liability to the Ripleys within one year of this date, on September 17, 1993, the notices were, under the reasoning of the tax court, timely.

The Ripleys do not disagree with the application of the statutory scheme undertaken by the tax court. They acknowledge that by operation of law, the mailing of a notice of deficiency suspends the running of the limitations period. And, they recognize that the courts of appeals to have addressed the question agree that § 6503(a)(1) suspends a limitations period established by an agreement entered in accordance with § 6501(c)(4). See Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1188 (9th Cir. 1984); Ramirez v. United States, 538 F.2d 888, 893 (Ct. Cl.), cert. denied, 429 U.S. 1024 (1976). They contend, however, that because the Form 872 Mrs. Ripley signed agreeing to extend the period of assessment contains language expressly providing that the agreement would terminate upon a specified date, that language is controlling. The date specified for termination of the agreement is critical, they assert, because the termination of the extension of time for assessment begins the running of the one-year limitations period during which the IRS must notify a donee of transferee liability pursuant to § 6901(c). Further, they argue that the date specified for termination of the agreement contained in the Form 872 signed by Mrs. Ripley was more than one year prior to the mailing of the notices of transferee liability to the Ripleys and therefore that these notices were untimely.**5**

(Text continued on page 8)

_____

**5** Neither the tax court nor the Commissioner offers an explanation for why the plain language of the Form 872 executed by Mrs. Ripley and the

6

IRS does not control. They simply rely on the opinions in <u>Lansburgh v. United States</u>, 699 F. Supp. 279 (S.D. Fla. 1988), and <u>Ramirez v. United States</u>, 538 F.2d 888 (Ct. Cl. 1976). We do not find these decisions supportive of the position that the tax court and the Commissioner advocate.

In <u>Lansburgh</u>, the taxpayer had waived the applicable limitations period for assessment of additional tax on a Form 872-A--an IRS form that is similar to, but different in critical respects from, the Form 872 at issue here. As with Mrs. Ripley, Lansburgh received a notice of deficiency, petitioned for review in the tax court, reached an agreement with the Service concerning the amount of tax to be assessed, and entered a stipulation permitting the tax court to enter a decision, agreeing to waive further review, and allowing immediate assessment of the tax. <u>Lansburgh</u>, 699 F. Supp. at 281. On December 10, 1984, more than 60 days following entry of the tax court decision on October 4, 1984, the Service assessed the agreed amount of tax. <u>Id.</u>  Lansburgh maintained that the assessment was not timely because the Form 872-A he had signed provided that the Service could assess tax:

> on or before the 90th (ninetieth) day after: . . . (c) the . . . Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for such period(s) . . . will end 60 days after the period during which the making of an assessment was prohibited.

<u>Id.</u> at 280. Thus, Lansburgh argued that the assessment made more than 60 days after the tax court decision was untimely. The district court agreed that under terms of the Form 872-A the assessment was untimely, but held that the language of the agreement was not controlling. <u>Id.</u> at 281-83. The district court reasoned that although the Form 872-A was "misleading," a "taxpayer cannot rely on any contrary clause in the extension agreement to eviscerate Section 6503(a)'s protection." <u>Id.</u> at 282-83. In reaching this conclusion, the district court focused on the decisions of courts holding that a contractually extended limitations period is a limitations period within the meaning of§ 6501 subject to tolling under § 6503(a)(1). We agree that statutes of limitations extended by agreements entered pursuant to § 6501(c)(4) are subject to suspension pursuant to § 6503(a)(1). But, in our view, this conclusion does not compel a holding that an express provision declaring that the extension agreement itself will terminate on a specified date is ineffectual. Furthermore, the pertinent language in the Form 872-A at issue in <u>Lansburgh</u> is

7

A Form 872 is not a contract, but a waiver of a limitations period. See, e.g., Holof v. Commissioner, 872 F.2d 50, 52 (3d Cir. 1989); see also Stange v. United States, 282 U.S. 270, 276 (1931) (waiver of limitations period is not a contract but a "voluntary, unilateral waiver of a defense by the taxpayer"). Nevertheless, when a taxpayer qualifies the waiver of the limitations period on specified conditions, those conditions cannot be ignored. United States v. Hodgekins, 28 F.3d 610, 614-15 (7th Cir. 1994) (holding that the IRS could not induce a taxpayer to relinquish the protection afforded by the statute of limitations based on a representation contained in the extension agreement drafted by the IRS and then disregard the condition); see also United States v. National Steel Corp., 75 F.3d 1146, 1151 (7th Cir. 1996) (indicating that conditions recited in a waiver of applicable limitations period are enforceable against IRS); Grunwald v. Commissioner, 86 T.C. 85, 89 (1986) (noting that "[a] deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the [Form 872-A] document they both voluntarily signed").

_____

dissimilar from that at issue here because it did not purport to terminate the agreement on a specified date, but only to establish the extended period for assessment. Indeed, a taxpayer may terminate a Form 872-A agreement, by its terms, only by properly filing a Form 872-T with the Service. See Coggin v. Commissioner, 71 F.3d 855, 861-63 (11th Cir. 1996). Here, Mrs. Ripley was not required to take any affirmative action to terminate the agreement. Consequently, we do not find the reasoning of the Lansburgh court justifies a conclusion that the language in the Form 872 executed by Mrs. Ripley, stating that the extension agreement would terminate on a specified date, is without effect.

The Ramirez court addressed the timeliness of an assessment, considering the language in the first paragraph of Form 872 extending the period for assessment in the event that a timely notice of deficiency is issued and the statutory suspension of § 6503(a)(1). Ramirez, 538 F.2d at 890-93. The court ruled that the plain language of the Form 872 provided for an extension of the limitations period that, on the facts presented, was identical to the statutory limitations period as suspended by § 6503(a)(1). Id. In addition, the court noted that a limitations period, as extended by agreement, was subject to suspension pursuant to § 6503(a)(1). Id. at 893. Again, we agree; however, this reasoning provides no support for the ruling of the tax court that the language terminating the extension agreement on the Form 872 executed by Mrs. Ripley was ineffectual.

8

Furthermore, though a Form 872 is a waiver of the applicable limitations period, not a contract, many courts have recognized that principles of contractual interpretation must be utilized in construing them. See, e.g., Holof, 872 F.2d at 52. Consequently, because the IRS drafted the Form 872, including the language specifying the date of termination of the extension agreement, to the extent that the language is ambiguous it is construed against the IRS. See Anthony v. United States, 987 F.2d 670, 673-74 (10th Cir. 1993); Roszkos v. Commissioner, 850 F.2d 514, 516-17 (9th Cir. 1988), cert. denied, 489 U.S. 1012 (1989).

We agree with the Ripleys that Mrs. Ripley's waiver of the limitation period for assessment was valid only until the extension agreement, by its terms, ended. Thus, the extension agreement terminated upon the date specified therein; and, if that date was more than one year prior to September 17, 1993, the notices of transferee liability were not timely.

As the tax court recognized, an application of the plain language of Form 872 leads to the conclusion that the agreement for extension of time for assessment of tax against Mrs. Ripley ended more than one year prior to September 17, 1993. The Form 872 executed by Mrs. Ripley and the IRS provided, "This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration." J.A. 40. We need not set forth at length our calculation of the first date referenced because the second date--"the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration"--clearly was prior to September 17, 1992.[6]

_____

[6] Because we conclude that the second date specified as the termination date is more than one year prior to the September 17, 1993 date of the notices of transferee liability, the other date--"the above expiration date" --is irrelevant. If that other date is earlier than the second date specified, then both of the dates specified would be more than one year prior to the notices of transferee liability. If, on the other hand, the second date specified is the earlier of the two, then under the terms of Form 872, it is the date on which the agreement would terminate, so the fact that the other date was later would be inconsequential.

The Service assessed the tax against Mrs. Ripley on April 7, 1992, and as the tax court recognized, this was a final assessment because Mrs. Ripley had stipulated to the amount of the tax and had waived further review of the stipulated decision of the tax court. Therefore, the agreement Mrs. Ripley entered with the IRS to extend the date for assessment expressly provided that it would terminate (i.e., the last date for assessing taxes would be) on April 7, 1992, a date clearly more than one year prior to the September 17, 1993 mailing of the notices of transferee liability to the Ripleys.

In sum, the plain language drafted by the IRS in the Form 872 Mrs. Ripley executed dictates a conclusion that the time period for assessing tax against her ended April 7, 1992. Accordingly, the notices of transferee liability mailed to the Ripleys on September 17, 1993 were issued more than one year after the time for assessing tax against Mrs. Ripley ended and hence were not timely. Therefore, we reverse the decision of the tax court that the notices of transferee liability were timely.

REVERSED